LAWRENCE HOWARD, RESPONDENT, v. GERARD KNUTSON, APPELLANT.
—77 S. W. (2d) 158.

Kansas City Court of Appeals. November 13, 1934.

*Randolph & Randolph* for respondent.

*Brown, Douglas & Brown* for appellant.

CAMPBELL, C.—Plaintiff brought this suit to recover for the death of his wife caused by the alleged negligence of the defendant. The cause was tried. Plaintiff had a verdict and judgment in the sum of $2000. The defendant has appealed.

Plaintiff, on May 30, 1932, drove his automobile westward from the city of Brookfield, Missouri, on Highway 36 to the place of the accident which was near the city of St. Joseph, Missouri. His wife, son and grandson rode with him in the automobile. The defendant at the time in question was engaged under contract with the state highway commission of Missouri in constructing a bridge where Highway 36 crossed a drainage ditch. A detour from the highway proper extended from a point east of the bridge to a point west of it. There was a barricade across the highway at a point 25 or 30 feet west of the east end of the detour. The plaintiff drove his automobile past the east end of the detour and it ran off the south side of the highway, east of the barricade, down a high embankment and caused the death of his wife. The negligence charged was (1) that defendant failed to give approaching travellers timely warning of the presence of the construction or detour; (2) failed to have lights at the barricade; (3) failed to have a watchman at either the detour or barricade to warn the travelling public, including plaintiff, of said construction work or detour "or of the dangerous condition of said highway at said place or of said detour thereat, though it was late in the evening of a rainy, dark, stormy and cloudy day, and large amounts of foggy steam and mist were constantly arising from said highway and detour;" (4) failed to construct "a strong and substantial guard or railing" along the sides of the highway extending from the detour to the barricade; (5) negligently caused and permitted large quantities of earth, dirt and foreign materials to be placed upon and to collect and remain upon said highway at and near the junction of said highway and detour. The answer was a general denial and a plea of contributory negligence. Plaintiff testified that he arrived at the place of accident about five to five-thirty o'clock in the evening; that the day was rainy, the pavement at the detour was muddy and slick; that as he approached the detour he was going twenty to twenty-five miles an hour; that there was "fog and steam from the pavement;" that the barricade was twenty-five or thirty feet west of the detour.

"I seen a sign of the detour there on the barricade for it and I turned off to the south and went to turn off there and I missed the turn in some way or other and did not get onto the pavement—detour."

He further testified in direct examination that he did not see any signs or light or warning that there was a detour, and that there was no fence along either side of the highway between the barricade and the detour.

"Q. When you first saw that sign that you spoke of on the barricade, what did you do? A. Put on my brakes and tried to stop and turn."

In this cross-examination is the following:

"Q. So you saw this detour sign on the north side of the road, about fifty feet east of the detour? A. When I got right at it.

"Q. It was fifty feet east of the detour? A. Somewhere near that. I don't know whether it was fifty feet or something like that.

"Q. That was a little sign on the north side of the road? A. Yes, sir.

"Q. You did see it? A. Yes, sir. . . .

"Q. You were mistaken, weren't you, when you testified a while ago, in response to questions Mr. Randolph asked you, and you in reply to one he asked you said you did not see any sign except the big one on the barricade, you were mistaken and you just forgot about this small detour sign you saw? A. I didn't say anything about that, I said —

"Q. (Interrupting) Didn't you say a while ago you did not see any sign at that time except the big one on the barricade? A. I didn't see any up along the road side.

"Q. Now, you just got through saying you saw one up about fifty feet east of the detour? A. Fifty feet east of the detour is right at the detour.

"Q. That is along the road east of the detour? A. No, sir, right at the detour.

"Q. You saw one big sign right on the barricade? A. A little sign on the barricade.

"Q. What? A. There is a little sign there on the barricade, yes, on the gates.

"Q. That barricade was some distance west of the west side of the detour, wasn't it? A. Yes, sir.

"Q. And you saw another sign back here about fifty feet on the north side of the road? A. I don't know as it was fifty feet; somewhere near there.

"Q. That is east of the detour along the side of the road isn't it? A. That is not east of the detour; it is right at the detour, I tell you.

"Q. Didn't you say a minute ago it was fifty feet east? A. Fifty feet; that is like being at the detour.

"Q. I am asking you if it was fifty feet east of the detour? A. You got it right there now.

"Q. It was fifty feet east of the detour? A. No, it is not fifty feet east of the detour.

"Q. How far east of the detour was it? A. Right at the detour, I said.

"Q. You say now it was not fifty feet east but right at the detour? A. Yes, sir, it was.

"Q. In your deposition here— A. (Interrupting) You will find it in there, too.

"Q. In your deposition at page 6, when you said it was fifty feet, you were mistaken? A. I said it was right at it—somewheres near fifty feet.

"Q. Can you read? A. I can read but I can't see.

"Q. If you will just answer this question—is this correct: 'Q. Could you estimate how far east of the detour this sign was (reading from deposition)? A. I don't suppose it was over fifty feet, if it was that far.' 'Q. Fifty feet? A. Yes, sir.' Is that correct? A. Yes, sir.

"Q. So then we can drop it with the testimony that that detour sign was about fifty feet east of the detour? A. Somewhere near 50 feet east. . . .

"Q. And the speed you were travelling when you first saw this sign, you could stop in about twenty-five or thirty feet, could you not? A. Something like that.

"Q. That was what you estimated it before, was it not? A. Yes, sir, I think so.

"Q. And yet you went farther than that before you rolled off the detour, did you not? A. Yes, in that mud and slop I did, yes, sir."

At the close of the evidence the defendant requested the court to tell the jury that plaintiff had failed to show that defendant was guilty of any negligence, and that the verdict should be in favor of the defendant. The instruction was refused and plaintiff assigns error to the ruling. In ruling the question we will accept the evidence of plaintiff as true.

Plaintiff testified that he was going twenty to twenty-five miles per hour; that he saw a detour sign fifty feet east of the detour and another sign on the barricade; that there was no light or watchman at the detour nor fence at the side of the highway between the detour and the barricade; that there was mud on the pavement at the detour and that fog and steam obstructed his vision. The defendant contends that there was no evidence tending to show that he was under duty to have "a fence, a watchman, lights" or to remove the mud from the pavement; that that part of the highway extending east of the barricade was under the control of the state highway commission and that the defendant had no authority over it. If the defendant had no control or authority over the highway east of the barricade then he cannot be convicted of negligence in failing to attempt to exercise authority over it for the reason that he was not under duty to do so. [Zitmann v. Glueck Box Co., 276 S. W. 23, l. c. 25.] The law of this State, Article 12, Chapter 42, Revised Statutes 1929, clearly discloses legislative intent to vest in the state highway commission dominion and control of the construction and maintenance of state highways. In the exercise of its power the commission may establish detours, erect danger signals or warnings along the highway. Section 8107 of the act provides

that any person who erects or maintains "guide boards or signals on the right of way of any state highway without the written permission of the commission . . . shall be deemed guilty of a misdemeanor." Upon the record before us that part of the highway east of the barricade was under the control and dominion of the commission and the defendant was not under duty to care for it. He therefore did not fail to perform a duty owing to the plaintiff or others. The defendant had right to have a watchman and a light at the barricade. Sundown on May 30 was more than two hours subsequent to the accident. There was no evidence that fog and steam were present prior to the time that plaintiff arrived at the detour. In the absence of a showing that defendant had notice, actual or constructive, of the alleged condition caused by fog and steam he cannot be adjudged guilty of negligence in failing to have a watchman or lights at the barricade. [Williams v. K. C. Terminal, 288 Mo. 11, 231 S. W. 954; Hunt v. St. Louis, 278 Mo. 213, 211 S. W. 673.] Moreover, there was no evidence tending to show that the absence of a watchman and a light contributed to the accident.

The plaintiff argues that the defendant was negligent in failing to maintain a barrier along the south side of the highway between the detour and the barricade. In support of this contention plaintiff cites the case of Wiggins v. City of St. Louis, 135 Mo. 558, 37 S. W. 528, and other cases in harmony therewith. In the Wiggins case the court said: "A street which has a deep, unprotected excavation, extending from an adjacent lot to its margin, is not in a reasonably safe condition for travel." We have elsewhere in this opinion ruled the question adversely to the plaintiff's contention. However, it is not amiss to say that the fact is well known that many miles of state highways were constructed upon high embankments without a barrier on either side. We decline to extend the rule relating to sidewalks to highways in country districts. The plaintiff cites the case of Wilmore v. Holmes, 7 S. W. (2d) 410, in which a contractor working upon a highway was held liable to the plaintiff therein who suffered injury as a result of driving upon an unlighted pile of gravel placed on the paved portion of the highway by the contractor. The accident occurred in the nighttime and was caused by a failure to place a light on the gravel. No such facts appear in the instant case. The defendant did not obstruct the highway east of the barricade and the accident, so far as the record discloses, was not caused by any act of the defendant.

The other errors assigned need not be determined. The judgment is reversed and the cause remanded. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.