40233.   LEDBETTER-JOHNSON COMPANY v. THACKER.

DECIDED SEPTEMBER 10, 1963.

*Matthews, Maddox, Walton & Smith, John W. Maddox,* for plaintiff in error.

*Parker, Clary & Kent, Chastine Parker, Horace T. Clary,* contra.

FELTON, Chief Judge. The petition alleges in part, that "at the time and place aforesaid the defendant was in complete control and charge of the construction of the said road *at the point of the plaintiff's injuries.*" (Emphasis supplied.) According to the allegations of the petition, the plaintiff's injuries were caused by the collision of the automobile with the dirt barricade, therefore the "point of the plaintiff's injuries" was at the barricade. Construing the petition most strongly against the plaintiff, as must be done on general demurrer, the allegation that the defendant was in complete control and charge of the construction of the road *at the point of the plaintiff's injuries* (the barricade) implies that the defendant was *not* in control of the road at places other than at the point of the plaintiff's injuries, i.e., the concrete portion and the unpaved, dirt portion adjacent to the barricade. These portions of the road not being under the defendant's control, it must be assumed, again construing the petition most strongly against the pleader, that they were under the control of the State Highway Department. Assuming that the 50 m.p.h. speed of the automobile was lawful at this location, as alleged, any warning sign or device would have had to be placed a considerable distance back from the barricade in order to be effectual, and, as indicated above, this would have been located on a portion of the roadway which, under the allegations, was in the control of the Highway Department. Under the provisions of *Code Ann.* § 95-604, exclusive authority and jurisdiction for the erection and maintenance of warning signs along the highways of this State composing the State-aid system of roads is vested in the State Highway Board. Violation of this statute is made a misdemeanor under *Code Ann.* § 95-9920.

According to the allegations of the petition, therefore, the defendants not only had no duty to erect warning signs along the road but they were prohibited by State law from doing so. It follows that the petition failed to allege either a duty of warning the plaintiff or any negligence in failing to warn him; there-

fore, the court erred in its judgment overruling the general demurrer to the petition as amended, as well as the special demurrers thereto, which allege that each allegation of negligence fails to set forth facts which show the breach of any duty of the defendant to the plaintiff or constitute actionable negligence on the part of the defendant.

*Judgment reversed.* *Eberhardt and Russell, JJ., concur.*