41077. SMITH v. LEDBETTER BROTHERS, INC. et al.

DECIDED JANUARY 29, 1965—REHEARING DENIED
FEBRUARY 25, 1965.

*Parker, Clary & Kent, Horace T. Clary, F. L. Salmon,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* contra.

RUSSELL, Judge. A fair interpretation of the facts alleged is that at the time of the collision the defendants were *in the process* of constructing the interstate highway and that *until* the dirt barricade was placed across the road, Peters Street was a heavily traveled thoroughfare. It is also a fair construction of the petition that the dirt barricade thrown up in the course of such construction was in the area over which the defendants had assumed control in the progress of their work, and that as to such area they were by contract charged with the duty of providing all safeguards reasonably necessary for the safety of the public, which would include signs if signs were necessary for this purpose, as well as signal flares or anything of like nature sufficient to attract the eye of a motorist traveling at night. Therefore, that portion of Peters Street which was to be done away with by the construction of the interstate highway was

within the control of the defendants because it had become a part of the area over which the new highway would pass. If it were a part of such area, it had ceased to be a public road within the right of way of the interstate highway, and any signs erected on it would not be signs "in conflict with signs maintained by the State Highway Board for the purpose of directing traffic" under *Code Ann.* § 95-604, for which reason this Code section is no bar to the maintenance of this action. A contract between the State Highway Department and a construction company by which the latter undertakes to provide for the safety of the public during the construction of the project inures to the benefit of the public, and a member of the public injured as a result of negligence in failing to do so may sue the contracting party directly. *Holland v. Phillips,* 94 Ga. App. 361 (94 SE2d 503). Under the same authority, such a contractor is also liable for failure to exercise ordinary care to warn persons using the road of hazards created by its own activities. In *Trammell v. Matthews,* 84 Ga. App. 332 (66 SE2d 183) a petition alleging that a defendant engaged in constructing a new bridge at a location where an old bridge had been torn out for that purpose was negligent in failing to place lighted signs "several hundred feet south of the detour" was held to state a cause of action. In *Doby v. W. L. Florence Constr. Co.,* 71 Ga. App. 888 (3) (32 SE2d 527) it was held: "Contractors may be liable to an automobile driver for injuries caused by an unlighted barricade placed across the highway on a dark night pending repairs, where no other ample and timely warning is given to a traveler of the existence of the barricade in the road on such a night." The fact that *Doby* dealt with a temporary repair of an existing road, and this case involves a permanent closing of an existing road because of the construction of a new highway is immaterial as affecting the duty of the contractor to warn the traveling public of hazards which it has created in the progress of such construction and during the period of time within which the work is under its control. A barricade of dirt across such a road at night, of the same color as the road, unlighted and not otherwise called to the attention of a motorist who is unaware of its existence, when it is the proximate cause of his injuries,

creates at least a jury question as to the liability of those responsible for its erection for injuries received as a result of inability to stop after it becomes apparent.

Nothing to the contrary is held in *Murdock v. Ledbetter Johnson Co.*, 105 Ga. App. 551 (125 SE2d 99). In that case the plaintiff was driving south on a road which dead-ended at right angles with another highway on which the defendant was making repairs, the repairs including a ditch on the south side of the highway. The roads were so located in relation to each other prior to the repairs, and there should have been a stop sign at the place where plaintiff entered the intersection. *Murdock* quite properly held that the duty to erect a stop sign, or some other warning that the road was coming to a dead end, was the duty of the State Highway Department and not of the contractor. The contractor's work was at the other side of the intersection and in no way impeded a motorist from entering and turning to the right or left as the case might be. As was there stated, p. 553, the only negligence alleged was a failure to post warning signs of allegedly hazardous conditions at a "dead-end intersection without a stop sign, which was in existence prior to the time the company embarked upon its work." There the hazard existed prior to and remained unchanged by any work of the contractor; here the contractor created the hazard but gave no notice of its existence.

This case also differs from *Ledbetter-Johnson Co. v. Thacker*, 108 Ga. App. 300 (132 SE2d 838). There the petition alleged that the defendant was engaged in building a highway known as the Southeast Expressway, intersecting Highway 278; that defendant had temporarily ceased work at this point on the highway and placed a large bank of dirt 150 feet from the end of the concrete construction for the purpose of detouring traffic; that between the end of the concrete and the barricade the road was pitted with holes making it hazardous and difficult to control an automobile traveling on that portion of the road; that the plaintiff, driving at a speed of 50 miles per hour, came without warning to the end of the concrete portion of the road, the car ran onto the dirt portion of the road, the driver was unable to bring it to a stop, and it collided with the dirt barricade.

The court held that under these circumstances "any warning sign or device would have had to be placed a considerable distance back from the barricade in order to be effectual," which meant they would have to be placed in an area where the State Highway Department, not the contractor, had control. In other words, flares or other warnings, in the *Thacker* case, would have had to have been placed more than 150 feet *in front of* the barricade. In the present case, where nothing intervened between the paved road and the barricade, the negligence alleged in failing to install flares or other warning devices which might have been effectual when properly placed *on* the barricade is sufficient to raise a jury question, as it was not in *Thacker,* as to whether the failure to provide signal flares on the barricade was a part of the proximate cause of injury.

The petition set out a cause of action, and the trial court erred in dismissing it on general demurrer.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*