### 41175. SEABOARD CONSTRUCTION COMPANY v. WELLS.

RUSSELL, Judge. This case is controlled by *Murdock v. Ledbet-ter-Johnson Co.,* 105 Ga. App. 551 (125 SE2d 99). In that case a county road dead-ended into a State-aid road which the State Highway Department had contracted with the defendant to resurface. There was no sign indicating that the road on which plaintiff was traveling came to a dead end in the State highway, and the plaintiff overshot the intersection and struck a ditch and dirt bank which the defendant was in the process of constructing on the far side of the State highway. The opinion held that the dead-end intersection without a stop sign was in existence prior to the time the company embarked upon its work, and that the contractual duties of the defendant as to placing signs refers only to situations where the hazards were created by the defendant in resurfacing the highway, not to previously existing road hazards. For such a situation, see *Smith v. Ledbetter Bros., Inc.,* 111 Ga. App. 238 (141 SE2d 322).

The only factual difference here is that the defendant construction company was engaged in resurfacing the county road entering the State-aid road rather than the State-aid road itself. Since we held in *Murdock* that the State Highway Department could not, under *Code Ann.* § 95-604, delegate the responsibility of placing stop signs and other traffic control devices to another along the State highways, the plaintiff urges that the stop sign here, which should have been placed on the county road on which the defendant was working under its contract with the State Highway Department, does not come under that inhibition. This is true, but it is obvious that if the State Highway Department could not delegate a duty to place such signs along the roads belonging to its system, it would have no jurisdiction to delegate such duty

as to roads *not* within its jurisdiction or a part of its road system. Both these instances are dealing with the usual traffic control devices, not with signs which the contractor has a duty to erect to warn motorists of work in progress. In both these cases, the defendant's activities in resurfacing the road is not alleged to have been a part of the proximate cause of injury; in both, the alleged cause was negligence in failing to mark a dead-end intersection which existed prior to the defendant's activities.

The trial court erred in overruling the general demurrers to the petition.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*

DECIDED MARCH 19, 1965.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler,* for plaintiff in error.

*Jones & Kemp, Charles M. Jones,* contra.