36275. HOLLAND *et al. v.* PHILLIPS *et al.*
36323. SOMERS CONSTRUCTION CO., INC. *v.*
PHILLIPS *et al.*

Decided September 21, 1956.

*J. Ellis Pope, Alvin L. Layne, T. Ross Sharpe,* for Holland.

*B. J. Jackson, Jackson & Graham,* for Somers Construction Company.

*Nat O. Carter, Wm. T. Darby,* for Mrs. Phillips.

TOWNSEND, J. ■ It is not necessary for an injured guest plaintiff, or one suing for damages resulting from the death of such guest passenger, to allege freedom from negligence on the part of the guest or to negative any relationship between the guest and the driver which might result in imputing the driver's negligence to the guest, insofar as the averments of the petition are concerned. *Mayor &c. of Savannah* v. *Waters,* 27 *Ga. App.* 813 (2) (109 S. E. 918). Since it is alleged that the deceased was a gratuitous guest passenger in an automobile which was under the exclusive control of the driver thereof and was the property of his wife, special demurrers seeking further information as to the status of the guest were properly overruled.

■ Reasonable definiteness and certainty in pleading is all that is required, and factitious demands by special demurrer should not be encouraged. *Delta Air Corp.* v. *Porter,* 70 *Ga. App.* 152 (27 S. E. 2d 758). Those special demurrers of the defendant Somers Construction Co., Inc., seeking additional information as to whether or not the approaches to the bridge were under construction and, if so, who was in charge of such construction, are not meritorious since the alleged negligence concerns failure to warn of a gap which was located, not on the approaches,

but 81 feet beyond them. Likewise, the allegation that the road "was open to travel by the public and being used by the public" was not subject to demurrer because it is not alleged by whom it was open to the public and "not shown whether the road was being used by the public with the knowledge and consent of the defendants, both of them or either of them." The petition alleges that the road was a public road, that the public was using it, and that there was no warning posted to deter the public from making such use. It accordingly contains sufficient factual allegations to inform the defendants against what they are called upon to defend.

■ Numerous demurrers of Somers Construction Co. seek to have the allegations in relation to the contract between Holland Construction Company and the State Highway Department stricken from the petition. It is perfectly true, as contended in the demurrer, that as to Somers Construction Company its standard of care is not fixed or varied by the terms of the contract, it not being a party thereto. The negligence charged against Somers, and also against Holland for that matter, is common-law negligence, a failure to exercise ordinary care to prevent injury to travelers while engaged in the work of constructing the bridge. Since the provisions of the contract do not affect the rights or liabilities of the defendant Somers, and since the plaintiff has a right to plead the contract as against the codefendant, Holland Construction Company, the special demurrers of Somers seeking to have these allegations stricken were properly overruled.

■ It is the contention of Holland Construction Co. in support of its general demurrers that since the bridge construction was subcontracted to Somers and since the road, which was under the prime contractor's sole control, is not alleged to have been defective, that the only negligence alleged is against the subcontractor. On the other hand, Somers Construction Co. contends that it was a mere servant of Holland with no control over the bridge or approaches and that no duty rested upon it to erect barricades or other warnings, this contention being urged by both general demurrer and special demurrer to various allegations of negligence.

"A contractor constructing a bridge owes a duty to the public to exercise ordinary care to protect the public from injuries aris-

ing by reason of said construction." *Trammell* v. *Matthews,* 84 *Ga. App.* 332, 338 (66 S. E. 2d 183) ; *State Construction Co.* v. *Johnson,* 82 *Ga. App.* 698, 700 (62 S. E. 2d 413). Where the prime contractor in its contract with the State Highway Department undertakes to assume control of the area for the purpose of putting up barricades or other warnings, this obligation inures to the benefit of the public, and it is liable for the failure to exercise ordinary care to warn travelers of the dangers incident to the construction. *State Construction Co.* v. *Johnson,* 88 *Ga. App.* 651, 656 (77 S. E. 2d 240). Where one company enters into a contract with the State Highway Department to do construction work on the public highways of this State and lets out a part of the contract to another company, the work to be under the direction and supervision of the former, the relation of contractor and subcontractor exists between the two and they may be jointly liable for injury resulting from negligence. *Doby* v. *Florence Construction Co.,* 71 *Ga. App.* 888, 890 (32 S. E. 2d 527). Accordingly, where, as here, the prime contractor who is charged with constructing a bridge and a portion of, a highway employs another company to build the bridge, although it may in general direct and supervise the work in accordance with the terms of its contract, the relationship insofar as building the bridge is concerned is not solely that of master and servant, and the subcontractor who is actually engaged in erecting the bridge must be considered to be in control of the construction to the extent of exercising ordinary care to avoid injuring others thereby. Holland Construction Company had a general duty respecting the entire project to warn the traveling public of dangers incident thereto; Somers Construction Co. also had a duty to avoid injuring others in the construction work actually undertaken by it.

There is no merit in the contention that the contract provisions quoted in the petition were for the exclusive benefit of the Highway Department to protect it from liability. The paragraph with which we are concerned places on Holland the duty to erect warnings "500 feet in advance of any place on the project where operations interfere with the use of the road by traffic." Failure to give such warning is the only negligence alleged against the defendants. "Neither a county nor the State Highway Department when it has assumed jurisdiction over a State-aid road located

in such county, is under a legal duty to post warning signs on the approaches to its bridges." *Grady County* v. *Banker,* 81 *Ga. App.* 701, 703 (59 S. E. 2d 732). Nor is *Evans* v. *Scott & Co.,* 43 *Ga. App.* 332 (158 S. E. 584), cited by the defendant Somers, authority for holding that defendant exempt from liability. The *Evans* case fails to reveal the theory on which the judgment of the trial court sustaining numerous demurrers was affirmed. Many of the demurrers would have no relation to this case. If that case turned upon demurrers attacking the petition for failure to show under what authority the defendant there undertook to lay a sewer pipe across the highway and whether it had control of the highway for that purpose, then the facts of the cases distinguished them, as Somers Construction Company is here alleged to have been constructing the bridge under proper authority, and it cannot therefore be assumed that it lacked control of its own construction so as to prevent it from exercising ordinary care in regard to the work undertaken by it.

The trial court did not err in overruling the demurrers in both cases.

*Judgments affirmed. Gardner, P. J., and Carlisle, J., concur.*