46615, 46616, 46617.   M. R. THOMASON & ASSOCIATES, INC. v. WILSON et al. (three cases).

PANNELL, Judge. These cases are before this court on appeals from the denial of defendant-appellant's motions for summary judgment. The plaintiff-appellees in each of the cases filed complaint for damages arising out of the same alleged incident against Ronald S. Chappell, hereinafter referred to as Chappell; Ledbetter Brothers, hereinafter referred to as Ledbetter; and M. R. Thomason &

Associates, Inc., hereinafter referred to as Thomason, as joint defendants, alleging that Chappell, as agent of the other defendants, negligently drove or caused to be driven a 621 T Pan Caterpillar across a named public highway into an automobile driven by one of the plaintiffs, resulting in the alleged injuries and damages. Ledbetter and Thomason filed answers denying that Chappell was their employee or agent and asserted cross-claims against each other for any sums that might be recovered against them in the actions. The defendant Thomason also filed in each case a motion for a more definite statement relating to certain matters and a motion to dismiss for failure to state a claim, which motions were overruled by the trial judge. Thomason, subsequently, in each case filed a motion for summary judgment, attaching depositions. Certain contract documents showing that Ledbetter was a general contractor on the building of a public highway, and Thomason was a subcontractor, doing what is called "blue-topping" were presented. This contract was amended by which Ledbetter agreed "to assist Thomason forces" in blue-topping the roadway under the conditions that Thomason agrees to pay Ledbetter 85% of the 1969 AED monthly rental rates on all equipment assigned to the blue-topping operation, and will pay all labor, overtime, payroll tax, insurance, etc., plus 15% and to pay for all minor repairs; and furnish all grease and fuel, and service the equipment used in Blue-Topping operation. The actual ministerial payment of the salaries was done by Ledbetter, and the defendant Chappell was primarily an employee of Ledbetter, and the equipment operated by Chappell was Ledbetter's. It was during this operation that the collision occurred. The contract between Ledbetter and Thomason contained other provisions referred to in Headnote 5 of this opinion.

The hearing was had on the motions for summary judgment and briefs filed with the trial judge for his consideration, after which all the original complaints were

amended alleging specific grounds of negligence relating to Thomason and Ledbetter separately, which in addition to the negligence of Chappell in operating the vehicle as their agent alleged negligence on the following grounds: "(b) failing to provide signs, signals, flagman, or other such warning to warn passing traffic on the Peeples Valley Road of the danger at the point of collision" and "(c) failing to keep a flagman at the point of collision to warn traffic on the Peeples Valley Road of the dangers caused by construction of a new highway at that point" and "(d) failing to see plaintiff as he approached" and "(e) failing to keep a proper lookout as the driver moved said equipment across the Peeples Valley Road." Subsequently, Thomason filed what it termed a renewal of its motion for summary judgment or in the alternative a motion to strike certain allegations of negligence in the amended petition.

The order of the trial judge denying Thomason's motion for summary judgment reads as follows: "The motion of M. R. Thomason and Associates, Inc. for summary judgment coming on regularly to be heard, and after hearing and submission of briefs by counsel for both of the named defendants, upon consideration thereof and after a careful and painstaking review of the pleadings, depositions and affidavits submitted, the court is of the opinion that an issue of fact results therefrom which would require a determination by a jury." Upon a certificate authorizing review, the defendant Thomason appeals to this court. *Held:*

1. The complaints were amply sufficient to set forth a claim and the trial court did not err in overruling the motion to dismiss on that ground.

2. The motion for a more definite statement overruled by the trial judge was properly overruled inasmuch as the motion, even if considered a special demurrer under the old practice, would have been properly overruled.

3. It nowhere appears from the record that the renewal of the motions for summary judgment "or in the alternative

the motion to strike" certain specific allegations of negligence contained in the amendment to the petition were ever presented to the trial judge for a decision; nor, as contended for by the appellant, can we so construe the orders entered as passing upon the motion to strike, and refusing to grant the same. Accordingly, the enumeration of error that the trial court erred "in failing to grant" the motion to strike is not supported by the record, and no question for decision by this court is presented thereby. *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154 SE2d 803); *West v. State,* 120 Ga. App. 390 (3) (170 SE2d 698).

4. The motions for summary judgment, originally and as renewed, were general in their terms, making no particular reference to the main action or to the cross action. However, since appellant in its reply brief, in support of its contention that Ledbetter and Chappell "have no right or basis for opposing the grant of a summary judgment for appellant," for the reason that "the real question is whether the motion for summary judgment pierces the allegations of the plaintiff's complaints, and leaves no issue of fact for the determination of the jury as between the plaintiffs and the appellant" we will limit our rulings accordingly, and construe the motion as being directed solely to the original complaints.

5. The contract between the general contractor, Ledbetter, and the subcontractor, Thomason, provides that Thomason will "furnish and maintain all signs for the duration of the project" and "assumes all responsibility for carrying out the 'sequence of operations and traffic control,' as set forth in" the proposal, which sequence of operations and traffic control provides in part "the contractor will provide complete protection to the traveling public and shall assume all responsibility and liabilities for safety of the traveling public. . ." Such a contract inures to the benefit of the public and the plaintiffs in the actions here are members of that public. See *State Constr. Co. v. Johnson,* 88 Ga. App. 651 (77 SE2d 240). See also, *Smith v. Ledbetter Bros.,* 111 Ga. App. 238, 240 (141 SE2d 322)

where this court said: "A contract between the State Highway Department and a construction company by which the latter undertakes to provide for the safety of the public during the construction of the project inures to the benefit of the public, and a member of the public injured as a result of negligence in failing to do so may sue the contracting party directly. *Holland v. Phillips,* 94 Ga. App. 361 (94 SE2d 503). Under the same authority, such a contractor is also liable for failure to exercise ordinary care to warn persons using the road of hazards created by its own activities."

The evidence disclosed affirmatively that a warning sign, which had been placed by Thomason, north of the point of collision, was found down after the collision; and further, that there was no flagman on duty at the time of the collision. This evidence was not sufficient to disprove, as a matter of law, the allegations that Thomson was negligent as charged in specifications (b) and (c) in the petitions, nor did it prima facie disprove such allegations. The burden was upon the defendant in its motion for summary judgment to disprove some essential element of the plaintiff's case. *Southern Bell Tel. &c. Co. v. Beaver,* 120 Ga. App. 420 (2-4) (170 SE2d 737); *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (3) (176 SE2d 487); *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114). This the defendant failed to do, as to these essential allegations of negligence, and it was, therefore, not entitled to a summary judgment. This is true, whether or not the operator of the equipment which collided with the plaintiff's automobile was an employee of Thomason. We accordingly affirm the trial judge in refusing the grant of the summary judgment of the defendant Thomason in each case.

*Judgments affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED OCTOBER 4, 1971—DECIDED FEBRUARY 15, 1972— REHEARING DENIED MARCH 7, 1972.

*Mundy, Gammage & Cummings, William W. Mundy,* for appellant.

*Matthews, Walton, Smith, Shaw & Maddox, James D. Maddox,* for appellees.