49389, 49391. LEE et al. v. PETTY et al. (two cases).
49390, 49392. GEORGE v. PETTY et al. (two cases).

SUBMITTED MAY 28, 1974 — DECIDED NOVEMBER 1, 1974.

*Gibson, McGee & Blount, Clarence D. Blount,* for Lee.

*Schreiber, Rozier & Thomas, C. Edwin Rozier,* for George.

*Delman L. Menchew,* for appellees.

QUILLIAN, Judge.

The appellants in the cases before us pose two questions. (1) Is Ware County legally bound by its promise to purchase liability insurance coverage on the leased

ambulance vehicle contained in paragraph 6 of the lease agreement and hence legally liable for breach of contract for failing to perform such promise? (2) Are any of the appellants entitled to maintain an action against Ware County for such breach of contract?

A consideration of the second question posed will effectively dispose of the issues in this court.

In view of the doctrine of governmental immunity (recently upheld in *Azizi v. Board of Regents,* 132 Ga. App. 384 (208 SE2d 153)), it is extremely doubtful whether there may be any liability on the county's part for failing to obtain liability insurance. See Art. VII, Sec. VI, Par. II of the Constitution of Georgia of 1945 (Code Ann. § 2-5902); Code Ann. § 56-2437 (Ga. L. 1960, pp. 289, 673); *Sheley v. Board of Public Education,* 132 Ga. App. 314, 320 (208 SE2d 126). Nevertheless, for the purposes of this decision, we assume but do not decide, that the county could be liable for the breach of its contract with the leasing company. See Code § 23-1502; *Washington County v. Shepard,* 46 Ga. App. 240 (167 SE 339).

It should be observed that we are not here concerned with whether the third-party plaintiffs might have recovered if the county (third-party defendant) had obtained liability insurance. The question here is whether under the terms of the contract between the third-party defendant and the leasing company if the third-party plaintiffs could in any way be considered beneficiaries to the terms of the contract. The contract provides: "6. Insurance. Lessee agrees to purchase from a responsible insurance company, liability coverage in the amounts as hereinafter set forth during the entire lease term of each vehicle leased hereunder. Such insurance shall cover the interest of the lessee and the lessor and shall provide coverage against (a) liability for bodily injury in the amount of $100,000 each person and $300,000 each accident, and (b) liability for property damage in the amount of $50,000 for each accident. The lessee shall furnish lessor with written evidence of the aforesaid coverage."

Even if Ware County had obtained the liability insurance, such insurance was only required by the terms of the contract to cover the interest of the lessee and the

lessor. The lessor was Bill Heard Leasing, Inc. and the lessee was Ware County. Hence, if Ware County had fulfilled its obligation under the contract neither Lee and Eddleman nor George would necessarily have obtained protection through the provisions of an insurance contract.

We are cited cases holding: " 'A contract between the State Highway Department and a construction company by which the latter undertakes to provide for the safety of the public during the construction of the project inures to the benefit of the public, and a member of the public injured as a result of negligence in failing to do so may sue the contracting party directly.' " *M. R. Thomason & Associates v. Wilson,* 125 Ga. App. 658, 662 (188 SE2d 805). See *State Construction Co. v. Johnson,* 88 Ga. App. 651 (77 SE2d 240); *Holland v. Phillips,* 94 Ga. App. 361 (94 SE2d 503); *Smith v. Ledbetter Bros.,* 111 Ga. App. 238 (141 SE2d 322). However, as pointed out in *M. R. Thomason & Associates v. Wilson,* 125 Ga. App. 658, 661, supra, the contract in that case provided: " 'the contractor will provide complete protection to the traveling public and shall assume all responsibility and liabilities for safety of the traveling public.' " The contracts in the other cases were similar. That is not the situation here involved.

Under Code § 3-108 as amended, Ga. L. 1949, p. 455, "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract." See Code § 20-306. See also CPA § 17 (Code Ann. § 81A-117; Ga. L. 1966, pp. 609, 629; 1968, pp. 1104, 1107).

This court has consistently held: "In the absence of policy provisions to the contrary, one who suffers injury is not in privity of contract with the insurer under a liability insurance policy and cannot reach the proceeds of the policy for the payment of his claim by an action directly against the insurer." *Public National Ins. Co. v. Wheat,* 100 Ga. App. 695, 697 (112 SE2d 194). Accord: *Perkins v. Publix Theatres Corp.,* 47 Ga. App. 641, 642 (7) (171 SE 147); *First of Ga. Ins. Co. v. Augusta Ski Club,* 118 Ga. App. 731 (165 SE2d 476). As we pointed out in *Insured Lloyds v. Bobo,* 116 Ga. App. 89, 91 (156 SE2d

518), there is no indication of a beneficial interest from the "fact that it might be more beneficial to one who is injured by another that such tortfeasor was carrying liability insurance than if the tortfeasor had no insurance."

Without question there was no contemplation that the appellants be beneficiaries under the terms of the contract and hence there is no basis for their recovering under this case. The trial judge did not err in dismissing their third-party complaints against Ware County.

*Judgments affirmed. Bell, C. J., and Clark, J., concur.*