**Mikey Sue SIEGEL**

v.

**ASSOCIATED INDEMNITY CORPORATION.**

**Civ. No. C77–319A.**

United States District Court, N. D. Georgia, Atlanta Division.

May 20, 1977.

Charles E. Moore, Atlanta, Ga., for plaintiff.

Palmer H. Ansley, Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for defendant.

ORDER

O'KELLEY, District Judge.

This civil action, which is apparently an action in diversity, is before the court on defendant's motion for a judgment on the pleadings. Plaintiff brings this action for loss of consortium against the insurer of the driver of the vehicle which allegedly injured her husband. Plaintiff bases her suit upon a theory that she is entitled to sue the insurer directly as a third party beneficiary

of the contract between the insurer and the insured.

At the outset, there are substantial problems as to jurisdiction. Since there is no conceivable federal question in this lawsuit, it is apparent that plaintiff contemplated diversity jurisdiction. However, plaintiff fails to allege her citizenship. Plaintiff does allege that defendant is a California citizen with an agent authorized to receive service in Georgia. Assuming that diversity of citizenship is present, there is still a question of the existence of the jurisdictional amount. In her complaint plaintiff alleges that defendant issued a policy of motor vehicle liability insurance as required by the Georgia Motor Vehicle Accident Reparations Act, Ga. Code Ann. § 56–3401b, et seq. Ga. Code Ann. § 56–3403b provides:

> The total benefits required to be paid under this section without regard to fault as the result of any one accident shall not exceed the sum of $5,000 per each individual covered as an insured person or such greater amount of coverage as has been purchased on an optional basis as provided elsewhere in this Chapter
> . . . . .

Since there is no allegation of any further coverage, there appears to be a real question regarding the possibility of recovering more than $5,000.

Defendant shows the court that plaintiff's husband, the alleged victim of the accident which gave rise to this suit, has a suit currently pending in the Superior Court of Fulton County against defendant's insureds. Although in Georgia a suit for loss of consortium is not dependent upon success of the suit of the injured spouse, it would seem peculiar to have the two actions proceeding simultaneously in state and federal court.

Assuming that the various jurisdictional hurdles are met by the plaintiff, defendant would still be entitled to a judgment on the merits on the basis of the pleadings. Through an examination of the series of responses by plaintiff to defendant's motion, the court has finally become aware that plaintiff bases her theory that she is entitled to recover as a third party beneficiary to the insurance contract on a distinction between indemnity and liability insurance policies. Plaintiff argues that liability policies, as opposed to indemnity policies, do not require an economic loss by the insured in order that there be some right of recovery. Plaintiff contends that the Georgia Motor Vehicle Accident Reparations Act, through its use of the words "liability insurance," demonstrates the intent of the legislature to make the public beneficiaries of the insurance required by the Act. Although plaintiff argues that she is not suing under this Act, she contends that the Act has changed the Georgia case law which clearly holds that a person not a party to the insurance contract may not sue directly on the contract as a third party beneficiary. Plaintiff's assertion that she does not purport to sue under the no-fault provisions of the Act seems to contradict her complaint inasmuch as she has not alleged any other coverage by the defendant. However, the court is able to avoid the confusing task of trying to establish a basis for plaintiff's suit by turning to the case of Lee v. Petty, 133 Ga.App. 201, 210 S.E.2d 383 (1974). In Lee v. Petty the Georgia Court of Appeals found that "[i]n the absence of policy provisions to the contrary, one who suffers injury is not in privity of contract with the insurer under a *liability* insurance policy and cannot reach the proceeds of the policy for the payment of his claim by an action directly against the insurer." [Emphasis supplied.] Id. at 205, 210 S.E.2d at 386. It seems apparent that in the absence of policy provisions to the contrary, the mere characterization of a policy as a *liability* policy does not give rise to a right to sue directly if the injured party is not a party to the insurance contract.

Accordingly, even if this court has jurisdiction, which is doubtful, since plaintiff has no right of action against defendant, defendant's motion on the pleadings should be granted.

IT IS SO ORDERED this 20th day of May, 1977.