## A89A0922. BUTTON GWINNETT LANDFILL, INC. v. SINNOCK.
### (387 SE2d 439)

BIRDSONG, Judge.

Button Gwinnett Landfill, Inc. (the Landfill) appeals from the grant of summary judgment to Jon Sinnock on its claim against him, personally, arising from his issuance to the Landfill of a blank Day/Green, Inc. (Day/Green) corporate check signed by Sinnock. Sinnock was an officer and stockholder of Day/Green and he asserts that his dealings with the Landfill were in his capacity as an officer and agent of Day/Green, not in his personal capacity. After the Landfill filled out the amount to be paid on the check, someone acting for Day/Green other than Sinnock, stopped payment on the check. The Landfill sued Sinnock, Day/Green, other officers and shareholders of Day/Green and other related businesses to recover the amount of the check.

The Landfill contends that it can recover from Sinnock because the check does not indicate that he signed as a representative of Day/Green, and thus he can be held personally liable. The Landfill claims that Sinnock also is personally liable because the corporate defendants and other defendants commingled their funds to the extent that the corporate entity should be disregarded.

The trial court granted summary judgment because parol evidence showed that Sinnock signed the check only as an agent of the corporation, and thus is not personally liable for the check. Further, the trial court found that regardless whether the various corporate defendants commingled their funds, there was no evidence that Sinnock had done so. The Landfill appeals, contending that summary judgment was erroneously granted because there were questions of fact remaining whether Sinnock had disregarded the corporate entity so that the separate personalities of the corporation and Sinnock should be disregarded, and also whether Sinnock cheated and defrauded the Landfill. *Held*:

Sinnock's motion for summary judgment contended that all of his actions in this matter were conducted in his capacity as an officer and agent of the corporation, that he did not pay any debt to the Landfill with a personal check, and he made no personal promises to pay the debt or make good the check. These contentions were supported by Sinnock's affidavit, his deposition, and the deposition of the chief executive officer of the Landfill.

Examination of the copy of the check in the record shows a check on which the name, address, and telephone number of Day/Green are printed. The check is signed by Sinnock but there is no indication of Sinnock's office in the corporation or that he was otherwise signing the check in a representative capacity. Since it is apparent from the

face of the check that the information necessary to invoke OCGA § 11-3-403 (3) is not present, under OCGA § 11-3-403 (2) (b), Sinnock bears the burden of proving that he signed in a representative capacity, *Yeomans v. Coleman &c. Drug Co.*, 167 Ga. App. 646, 648 (307 SE2d 121), and he may do so through parol evidence. *Kramer v. Johnson*, 121 Ga. App. 848, 849 (176 SE2d 108).

The documents supporting Sinnock's motion for summary judgment established that the check was delivered as part of Sinnock's negotiations with the Landfill on behalf of Day/Green or one of its subsidiaries for the right to use the landfill property. The materials submitted, specifically including the deposition of the Landfill's chief executive officer, demonstrate that Sinnock signed the check in his representative capacity as Day/Green's agent and not in his personal capacity. Thus, Sinnock pierced the allegations of the complaint which asserted his personal liability, and he would be entitled the grant of summary judgment unless the Landfill rebutted these matters. See OCGA § 9-11-56 (e). *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566-567 (307 SE2d 99); *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173).

The Landfill responded by amending the complaint to assert that Sinnock, Day/Green, some other officers and stockholders of Day/Green, and certain other corporations had commingled their assets and otherwise disregarded the Day/Green corporate entity so that the separate personalities of Day/Green, Sinnock, and all the other defendants should be disregarded. The trial court found the matters submitted did not show Sinnock had commingled his assets with the corporation or disregarded the corporate entity. We agree with this finding. The matters submitted do not make a sufficient showing to create an issue of fact that Sinnock signed the check other than in his capacity as an agent representing Day/Green, nor do they create any issue that Sinnock is otherwise personally liable because of fraud or otherwise. The cases cited to our attention by appellant, while containing accurate statements of the law generally, are not applicable to these particular facts. Accordingly, the trial court properly granted summary judgment to Sinnock.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 19, 1989.

*Alan Mullinax, Michael Greene*, for appellant.
*Childs & Knight, George C. Childs, Jr.*, for appellee.