A92A0049. BOB v. SCRUGGS COMPANY.
A92A0492. BOB v. DEPARTMENT OF TRANSPORTATION.
(419 SE2d 100)

SOGNIER, Chief Judge.

Emma Bob brought suit against, inter alia, the Scruggs Company and the State Department of Transportation, alleging that the defendants' negligent design and construction of a segment of Interstate 75 proximately caused an automobile accident in which she was severely injured. Scruggs and DOT each filed motions for summary judgment, and the trial court granted both motions. We consolidated for decision Bob's appeal in Case No. A92A0049 from the judgment in favor of Scruggs and her appeal in Case No. A92A0492 from the grant of summary judgment to DOT.

The construction project at issue comprised the widening of certain bridges along a segment of Interstate 75 in southwest Georgia. DOT entered into a general contract with Leware Construction Company for the performance of the work in accordance with plans and

specifications prepared by DOT engineers. Leware then subcontracted a portion of the grading, paving, drainage, and grassing work to Scruggs pursuant to a written subcontract that expressly incorporated the DOT plans and specifications. Scruggs performed the subcontract work, and its work was accepted by Leware and DOT.

Early in the morning of November 6, 1988, Bob was a passenger in a car being driven south on Interstate 75 in the vicinity in which the project work was performed. She was injured when the driver fell asleep and ran off the road and plunged down a steep embankment. She filed suit on November 5, 1990, contending that the slope of the embankment was too steep, the guardrail was too short, and the condition of the roadway at the site of the accident was inherently dangerous.

1. In Case No. A92A0049, Bob asserts that material fact questions remain concerning whether Scruggs performed its subcontract work at the accident site in accordance with the plans and specifications, whether Scruggs should have known the project design was inherently dangerous, and whether Scruggs held itself out as an expert in highway embankment or guardrail design. Bob maintains that the subcontract incorporated two highway design manuals issued by the American Association of State Highway and Transportation Officials ("AASHTO") and required Scruggs to perform its work in accordance with these manuals, and she submitted an affidavit of an expert in highway design and engineering who opined that the guardrail and embankment at the accident scene deviated from the AASHTO standards.

As a general rule, a contractor may be liable to third parties injured as a result of the negligent performance of the contract work — that is, work not in accordance with the project plans and specifications. *Bell & Son v. Kidd & Roberts,* 5 Ga. App. 518, 520 (63 SE 607) (1909). However, even if a contractor's work was performed negligently, if that work is accepted by the owner, the contractor cannot be held liable to an injured third party for negligent performance unless the work was either a nuisance per se, or inherently or intrinsically dangerous, or so negligently defective as to be imminently dangerous to others. *David Allen Co. v. Benton,* 260 Ga. 557, 558 (398 SE2d 191) (1990); *Young v. Smith & Kelly Co.,* 124 Ga. 475, 476 (52 SE 765) (1905). If the design of the work is inherently dangerous, the contractor may be held liable only if it held itself out as an expert in the design of the type of work performed at the project. *David Allen Co.,* supra.

Representatives of Scruggs testified by affidavit and deposition that the subcontract work was performed in accordance with the DOT plans and specifications and accepted by DOT. The testimony of Bob's expert that the project work did not conform to the

AASHTO standards does not rebut this testimony, for the AASHTO standards were not part of the project plans and specifications Scruggs was required to follow. The record shows without dispute that DOT engineers consulted the AASHTO manuals for guidance in *designing* the project plans and specifications, but that the Scruggs subcontract and the general contract between DOT and Leware provided that the work should be performed in accordance with the DOT-prepared plans and specifications. The subcontract does not mention the AASHTO manuals and contains no requirement that the work be performed according to the manuals. Thus, the record unequivocally establishes that Scruggs performed its work in a non-negligent manner and the work was accepted by the owner. Consequently, Scruggs has pierced Bob's allegation that Scruggs performed its subcontract work negligently, thereby shifting to Bob the burden of rebutting that evidence, *Button Gwinnett Landfill v. Sinnock,* 193 Ga. App. 244, 245 (387 SE2d 439) (1989), which Bob has failed to do. Therefore, even assuming, without deciding, that fact questions exist regarding whether the work was inherently dangerous and whether Scruggs knew or should have known that, Scruggs cannot be held liable for negligent performance. See *David Allen Co.,* supra.

Bob's contention that the trial court erred by concluding that Scruggs could not be held liable for any design defects is similarly without merit. Ferrell Scruggs, the company president, testified that Scruggs employed no architects or professional engineers and had no highway design expertise. He stated that Scruggs was not capable of preparing plans for road construction projects and that it relied upon the plans and specifications supplied by the owners of its projects. Contrary to Bob's contention, Scruggs's experience in *constructing* highway projects from plans and specifications prepared by design professionals does not qualify it as an expert in highway *design.* Accordingly, the trial court did not err by entering summary judgment in favor of Scruggs. See *David Allen* Co., supra.

2. In Case No. A92A0492, Bob contends the trial court erred by granting summary judgment to DOT on the basis of sovereign immunity afforded by a 1990 amendment to the Georgia Constitution, Art. I, Sec. II, Par. IX. Ga. Laws 1990, p. 2435, § 1. We address only the first of Bob's enumerations, for it is dispositive. The trial court applied the amendment retroactively to bar Bob's suit. The Supreme Court, however, subsequently ruled that the amendment, which became effective on January 1, 1991, applies only to lawsuits filed after the effective date of the amendment. *Donaldson v. Dept. of Transp.,* 262 Ga. 49, 53 (3) (414 SE2d 638) (1992). Since Bob filed suit two months prior to that date, the amendment does not apply, id., and DOT has waived its sovereign immunity to the extent of its available insurance. *Martin v. Ga. Dept. of Public Safety,* 257 Ga. 300, 301-303

(2) (357 SE2d 569) (1987).
*Judgment affirmed in Case No. A92A0049; judgment reversed in Case No. A92A0492. McMurray, P. J., and Cooper, J. concur.*

DECIDED MAY 11, 1992 —
RECONSIDERATION DENIED JUNE 1, 1992 —

*Sutton & Slocumb, Berrien L. Sutton,* for appellant.
*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, Wade H. Coleman, Edward F. Preston,* for appellee.