### A98A2327. ADAMS v. APAC-GEORGIA, INC.
(511 SE2d 581)

BEASLEY, Presiding Judge.

After Margaret Adams sustained serious injuries in a vehicle collision which occurred as a result of icy conditions on a newly reconstructed road, she sued the road contractor, APAC-Georgia, Inc. Adams appeals the trial court's grant of APAC's motion for summary judgment and the denial of summary judgment to her.

In February 1995, APAC was engaged in a project under contract with Cobb County to widen various sections of Atlanta Road. The collision occurred on an area of the road first opened to the general driving public on Sunday, February 5. On Monday, the temperature was below freezing during the entire work day, and at 2:00 a.m. on Tuesday it began to snow. By 6:00 a.m., .02 inch of precipitation from snow and dew had fallen, and an icy glaze covered the widened roadway. At approximately 6:20 a.m., Oscar Harris was driving his automobile on the road in a northerly direction. At the same time, Adams was a passenger in a vehicle driven by her husband in a southerly direction. As Harris was traveling up a long hill, he passed over an icy patch in the road, lost control, crossed the centerline, and struck the Adamses' car. The investigating officer concluded that the sole cause of the accident was Harris' loss of control of his car resulting from the weather conditions.

At the time of the accident, the roads in Cobb County were generally icy. Approximately 70 weather-related accidents were reported in the unincorporated part of the county. APAC's work site traffic supervisor was aware of the weather conditions and had equipment and personnel which could have been used to remove ice from the road. Following the accident, Cobb County placed sand on the icy areas of the road. The county did not request such action by APAC

either on the day of the accident or at any other time during the construction project.

Adams initially sought to hold APAC liable by claiming that the accumulation of ice resulted from improper drainage caused by APAC's negligent construction of the road.[1] After discovery established that APAC had constructed the road in accordance with project plans and specifications provided by the county, and that the collision occurred as a result of a natural accumulation of ice caused by inclement weather, Adams amended her complaint to claim that APAC negligently performed a contract duty to patrol the project area for such hazards and either remedy the condition or place warning signs.

Adams sues as a third-party beneficiary of the contract. She relies on decisions which are exemplified by *Lee v. Petty*[2] and hold that "[a] contract between [a governmental entity] and a construction company by which the latter undertakes to provide for the safety of the public during the construction of the project inures to the benefit of the public, and a member of the public injured as a result of negligence in failing to do so may sue the contracting party directly."[3]

Adams also claims standing to sue APAC under § 324A of the Restatement of the Law, Torts 2d. This section, adopted as Georgia law in *Huggins v. Aetna Cas. &c. Co.*,[4] provides in pertinent part that "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if . . . (b) he has undertaken to perform a duty owed by the other to the third person. . . ."[5]

But " 'the duty owing toward the public by a contractor in the performance of public work cannot be increased by a contract with a public official as such, beyond the sum of the legal duty of such public official toward the public and the legal duty of the contractor toward

---

[1] See *Bob v. Scruggs Co.*, 204 Ga. App. 375, 376 (1) (419 SE2d 100) (1992) (as a general rule, a contractor may be liable to third parties injured as a result of the negligent performance of the contract work, i.e., work not in accordance with the project plans and specifications).

[2] 133 Ga. App. 201 (210 SE2d 383) (1974).

[3] (Citations and punctuation omitted.) Id. at 205.

[4] 245 Ga. 248, 249 (264 SE2d 191) (1980); see *Tang v. Republic Parking System*, 734 FSupp. 486 (N.D. Ga. 1989).

[5] (Punctuation omitted.) Id. Section 324A and the holding in the *Petty* line of cases are exceptions to the rule in OCGA § 51-1-11 (a) that if a "tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done independently of the contract." See *Stuart v. Berry*, 107 Ga. App. 531, 535 (2) (130 SE2d 838) (1963).

the public.' "[6] In order to hold APAC liable under either of Adams' theories, it would be necessary to find that either APAC or the county was under a duty to remove natural accumulations of ice from the roadway or warn travelers of the dangers thereby created.

APAC would be under no such duty, because "a contractor constructing a road or bridge owes a duty to the public to exercise ordinary care to protect it from injuries arising by reason of such construction,"[7] and " 'no duty aside from statute is imposed upon [a contractor] to protect the traveling public against dangerous or defective conditions of the highway caused by others.' [Cit.]"[8] Adams has cited no statute requiring a road contractor to remove, or place signs warning traffic of, natural accumulations of ice. Under Georgia law, her attempt to establish the existence of such a duty through expert testimony fails.[9]

As to Cobb County, Adams asserts that it has a duty to remedy or warn of weather-related hazards on the roadway under OCGA §§ 32-4-41 (1) (requiring a county to both construct and maintain an adequate county road system) and 32-6-50 (c) (requiring counties to place and maintain upon their public road systems such traffic control devices as are necessary to regulate, warn, or guide traffic).[10] Since APAC does not dispute this assertion, it is assumed for purposes of this case that such a duty exists.[11] The next question is whether APAC undertook to perform this duty.

---

[6] *State Constr. Co. v. Johnson*, 88 Ga. App. 651, 657 (3) (77 SE2d 240) (1953).

[7] (Citations and punctuation omitted.) *Gleaton v. APAC-Ga.*, 228 Ga. App. 52, 54 (2) (491 SE2d 138) (1997); see *Fine v. APAC-Ga.*, 192 Ga. App. 895 (386 SE2d 692) (1989); *Patch v. Sebelius*, 349 NW2d 637 (N. D. 1984).

[8] *Marshall v. Hugh Steele, Inc.*, 122 Ga. App. 114, 115 (2) (176 SE2d 554) (1970) (road contractor entitled to summary judgment because accident occurred on an area of road outside its control and responsibility); compare *Miller v. APAC-Ga.*, 197 Ga. App. 801, 803 (2) (399 SE2d 534) (1990) (physical precedent only) (road contractor not entitled to summary judgment as it failed to show that it was not responsible for gravel placed on roadway by another).

[9] See *Nat. Foundation Co. v. Post, Buckley &c.*, 219 Ga. App. 431, 435 (2) (465 SE2d 726) (1995) (defendant entitled to summary judgment notwithstanding expert testimony that it was chargeable with breach of duty, as what duty a defendant owes to a plaintiff is a question of legal policy to be decided as an issue of law); compare *Millar Elevator Svc. Co. v. O'Shields*, 222 Ga. App. 456, 457 (1) (475 SE2d 188) (1996) (expert testimony as to industry practice is admissible on the question of whether there has been compliance with a duty which the law imposes).

[10] *Purvis v. Virgil Barber Contractor*, 205 Ga. App. 13, 15 (1) (421 SE2d 303) (1992).

[11] Whether a statute imposes a duty on a county and whether a county can be held liable for a breach of such duty are two separate questions. See *Kordares v. Gwinnett County*, 220 Ga. App. 848 (470 SE2d 479) (1996) (holding that although OCGA § 32-4-41 may impose responsibilities on a county, it does not constitute a waiver of sovereign immunity).

For a review of foreign cases deciding whether a government entity can be held liable for a motor vehicle accident resulting from ice or snow on the roads, see 97 ALR3d 11, Anno: Liability, in Motor Vehicle-Related Cases, of Governmental Entity for Injuries or Death Resulting from Ice or Snow on Surface of Highway or Street (1980).

One provision of the contract makes reference to obligations of APAC "during inclement weather." It requires APAC to maintain sufficient personnel and equipment on the project "to ensure that ingress and egress are provided when and where needed." Since Adams' claim does not relate to the denial of ingress or egress to the roadway, this provision is inapplicable.

Other contractual provisions require APAC to perform work required to protect the work site from damage from "both existing conditions and performed work" and to "be responsible for all damages to all persons and property due to the non-maintenance of the project site"; to maintain existing traffic control devices and to install "additional necessary devices to protect traffic from existing as well as created hazards"; and to be available on a 24-hour basis "with access to all equipment, personnel, and materials needed to maintain traffic control and handle traffic related situations" and to have the construction area patrolled at all times "for the purpose of early detection and correction of traffic related problems before they interfere with traffic flow or safety." The trial court correctly interpreted these provisions as only requiring APAC to install traffic control devices, or to take preventative or corrective action, where traffic-related problems are caused either from preexisting hazards or by APAC's construction activities. This interpretation is consistent with that given the highway construction contract in *Purvis v. Virgil Barber Contractor*.[12]

Even if the contract was sufficiently ambiguous to be interpreted as imposing broader obligations on APAC, neither APAC nor the county interpreted the contract in such manner.[13] Therefore, APAC's failure to perform the duty which Adams seeks to impose on it would amount, at most, to a promise which Cobb County never realized had been made and which APAC never undertook to perform. Under such circumstances, tort liability under § 324A does not arise.[14] As a claimed third-party beneficiary of the contract between APAC and Cobb County, Adams is bound by the parties' construction of it.[15]

---

[12] Supra, 205 Ga. App. at 14 (trial court did not err in construing provisions of DOT contract as only requiring road contractor to install warning signs and traffic control devices connected with its paving of the highway).

[13] Compare *Hoffmaster v. County of Allegheny*, 550 A2d 1023 (Pa. Cmwlth. 1988) (where an agreement between a township and county expressly required the former to remove snow and ice from a road taken over by the latter).

[14] By its terms, § 324A applies to a duty which the promisor "has undertaken to perform." Moreover, it was not the intent of this section to overrule cases holding that breach of an unperformed promise can give rise only to a contract action and does not result in tort liability. See Comment f to § 324A and Comment d to § 323.

[15] *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 709 (309 SE2d 870) (1983) (the rights of a third person to sue on a contract made for his benefit are no greater than those granted by the contract as intended by the parties thereto); see also *Eickhoff v. Eickhoff*, 263 Ga. 498,

The court did not err either in denying Adams' motion for summary judgment or in granting summary judgment to APAC.
*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 3, 1999 — 

*Cabaniss & Adkins, George M. Cabaniss, Jr.*, for appellant.
*Scoggins & Goodman, Luke A. Kill*, for appellee.

___

505 (6) (435 SE2d 914) (1993) (the construction placed upon a contract by the parties thereto, as shown by their acts and conduct, is entitled to much weight and may be conclusive upon them).