A08A1053. LAWSON et al. v. ENTECH ENTERPRISES, INC.
(669 SE2d 211)

MIKELL, Judge.

Robert A. Lawson was killed in an automobile collision on September 12, 2005, when his car collided with a 1979 Mack dump truck that ran a stop sign at the intersection of Georgia Highway 35 and Dillon Road in Thomas County. The dump truck was driven by Timothy G. Floyd and owned by Mike Floyd Paving & Excavating, Inc. ("Floyd Paving"), which employed Timothy Floyd. Kristi Angelina Lawson, individually and as surviving spouse of Robert A. Lawson, and as administratrix of his estate, brought a wrongful death action against Entech Enterprises, Inc. ("Entech"), and 84 Truck & Auto Repairs, Inc.[1] Entech filed a third-party complaint against Floyd Paving and Mike Floyd. Entech filed a motion for summary judgment against Lawson, arguing that it had no duty to inspect Floyd Paving's dump truck and that the release and indemnity executed between Lawson and the third-party defendants barred Lawson's action.[2] The trial court granted Entech's motion,[3] which Lawson challenges on appeal. Because we find that Entech owed no duty to the decedent, we affirm the trial court's grant of summary judgment to Entech.

In order to prevail on a motion for summary judgment

---

[1] 84 Truck & Auto Repairs, Inc., is not a party to this appeal.

[2] Lawson settled her claims against the third-party defendants for $980,000.

[3] The trial court also granted Entech's motion for summary judgment against the third-party defendants. The grant of that motion is not before us on appeal.

under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[4]

So viewed, the record shows that in May 2005, Entech entered into a contract with the City of Thomasville to serve as the general contractor on the City's municipal airport runway paving project (the "Contract"). Marvin Cloud, one of Entech's owners, deposed that the job to be performed under the Contract involved putting in a glide slope next to the runway, which required Entech to create a drainage and a wetland area by moving dirt. Entech subsequently entered into a subcontract with Floyd Paving to move dirt on the site (the "Subcontract"), for which Entech paid Floyd Paving $2.00 per cubic yard of dirt moved on the site. The Subcontract specifically provided that no outside fill dirt or material would be required.

Michael Floyd, the owner of Floyd Paving and 84 Truck & Auto Repairs, Inc., deposed that Floyd Paving used earth-moving equipment on the project until it completed one-third of the work then brought in the dump truck. This was the only dump truck used by Floyd Paving on the airport job site. When the accident occurred, Timothy Floyd was driving the truck to the shop[5] so that its bed could be repaired. The accident did not occur on the job site.

In her complaint against Entech, Lawson alleges that Entech had a duty to operate and manage its job site, including all labor and equipment, in a safe and responsible manner, which it breached when it failed to discover that the dump truck was operating in a "general state of disrepair" and had unsafe brakes and/or allowed it to operate at its job site. In its answer, Entech denied all liability. In its motion for summary judgment, Entech argued that it owed no duty to the decedent and that Lawson's complaint was barred by the terms of the settlement agreement she entered with the third-party defendants. The trial court granted Entech's motion for summary judgment without setting forth the basis for its ruling.

---

[4] (Citation omitted.) *McLaine v. McLeod*, 291 Ga. App. 335, 336-337 (661 SE2d 695) (2008).

[5] Both the repair shop, 84 Truck & Auto Repairs, Inc., and Floyd Paving were operated out of the same building.

1. Our Supreme Court held in *Bradley Center, Inc. v. Wessner*[6] that in order to state a cause of action for negligence in Georgia, there must be

> (1) [a] legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.[7]

Therefore, it follows that

> [b]efore negligence can be predicated upon a given act, some duty to the individual complaining must be sought and found, the observance of which duty would have averted or avoided the injury or damage. No matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that it should not have done, or failed to do something that it should have done pursuant to the duty owed the plaintiff.[8]

Lawson argues that Entech owed the decedent a duty of care pursuant to its contract with the City of Thomasville. In support thereof, Lawson refers us to the following provisions in the Contract:

> § 70-07, *Public Convenience and Safety*: The Contractor shall control his operations and those of his subcontractors and all suppliers to assure the least inconvenience to the traveling public. Under all circumstances, safety shall be the most important consideration. . . . The Contractor shall provide initial and continuing instructions to all supervisors, employees, subcontractors and suppliers to enable them to conduct their work in a manner that will provide the maximum safety with the least hindrance to air and ground traffic, the general public, airport employees, and to the workmen employed on the site.

> § 70-01, *Laws to be Observed*: The Contractor shall keep fully informed of all Federal and State laws, all local laws,

---

[6] 250 Ga. 199 (296 SE2d 693) (1982).

[7] (Citation and punctuation omitted.) Id. at 200.

[8] (Citations and punctuation omitted.) *City of Douglasville v. Queen*, 270 Ga. 770, 771 (1) (514 SE2d 195) (1999).

> ordinances, and regulations . . . which in any manner affect those engaged or employed on the work.

Lawson maintains that these provisions established that Entech owed a duty of care to the traveling public and to the general public, from which arose its duty to inspect Floyd Paving's truck. The authority upon which Lawson relies, however, does not support her position.

Lawson cites *M. R. Thomason & Assoc. v. Wilson*[9] and *Holland v. Phillips*[10] for the proposition that a contractor who undertakes to provide for the public's safety during a construction project is liable to the member of the public injured by the contractor's negligent performance of that duty.[11] Though this proposition is correct, it does not apply to this case. Both cases cited involve accidents that occurred on the job site where the contractors and/or their subcontractors were working on the public highways.[12] In these cases, the job site and locale of the accident at issue were one in the same. The law is clear that a contractor has a duty to protect the public from dangerous conditions in the highway created as a result of that contractor's work on the highway.[13] Even where this duty exists, however, we have found contractors liable only for injuries that occurred within the boundary of its contract provisions.[14] Here, the accident did not occur on the job site; i.e., within the boundaries of the contract provisions, where Entech was responsible for ensuring that subcontractors performed their work safely. Thus, the general rules set forth in *Wilson* and *Holland* are inapposite here.

Lawson cites *Moody v. Martin Motor Co.*[15] for the proposition that "an independent contractor owes an original duty, before any

---

[9] 125 Ga. App. 658 (188 SE2d 805) (1972).

[10] 94 Ga. App. 361 (94 SE2d 503) (1956).

[11] See *Wilson*, supra at 662 (5); *Holland*, supra at 364-365 (4).

[12] *Wilson*, supra at 661-662 (5); *Holland*, supra at 364-365 (4).

[13] *Reed v. Ed Taylor Constr. Co.*, 198 Ga. App. 595, 597 (402 SE2d 346) (1991). See also *Marshall v. Hugh Steele, Inc.*, 122 Ga. App. 114, 115 (2) (176 SE2d 554) (1970); *Ballenger Paving Co. v. Gaines*, 231 Ga. App. 565, 567, n. 3 (499 SE2d 722) (1998), citing *Brown v. Atlanta Gas Light Co.*, 96 Ga. App. 771, 777 (2) (101 SE2d 603) (1957) ("A contractor constructing a road or bridge owes a duty to the public to exercise ordinary care to protect it from injuries arising by reason of such construction") (citations and punctuation omitted).

[14] See *Marshall*, supra (road contractor entitled to summary judgment because accident occurred on an area of road outside its control and responsibility); *Murdock v. Ledbetter-Johnson Co.*, 105 Ga. App. 551, 554 (1) (125 SE2d 99) (1962) ("[a] contractor has no authority, control, or responsibility over public ways outside the boundary of its contract provisions") (citations omitted). See also *Shepherd Constr. Co. v. Watson*, 115 Ga. App. 224, 229 (3) (154 SE2d 388) (1967) (no liability where contractor had no control over the traffic flow in area where it worked). See generally *Morris v. Barnet*, 191 Ga. App. 382, 383 (381 SE2d 597) (1989) (building contractor or subcontractor has a duty, in performing his work, to use ordinary care not to cause injuries to others engaged in work on the same premises).

[15] 76 Ga. App. 456 (46 SE2d 197) (1948).

contract is made, not to endanger the lives and limbs of others by the negligent performance of a contract."[16] In that case, we reversed the trial court's decision to sustain the demurrers filed by the defendant repair company in a personal injury action filed by the plaintiff who was injured as a result of the defendants' alleged negligent repair of a truck.[17] In *Moody*, the defendant's breach of its duty to make repairs in a nonnegligent manner served as the basis for the plaintiff's claim for negligent performance of a contract. No such facts are present here where there was no contract between Entech and Floyd Paving, which obligated Entech to inspect or repair Floyd Paving's vehicles, making Entech liable to those injured by the vehicles. Lawson also cites *Bob v. Scruggs Co.*[18] for a similar rule that "a contractor may be liable to third parties injured as a result of the negligent performance of the contract work — that is, work not in accordance with the project plans and specifications."[19] In that case, a passenger involved in a vehicle collision sued the Department of Transportation and its subcontractor on the grounds that the highway project design was defective. Like *Wilson*[20] and *Holland*,[21] the accident in *Bob* occurred at the site where the subcontractor performed the work, and the case involved a claim of defective design. Accordingly, *Moody* and *Bob* are not instructive here.

Lawson argues that Entech should have visually observed that the truck was unsafe and refers this Court to an inspection completed by a Georgia Department of Transportation inspector before the accident occurred, which revealed six safety violations and notes that after the inspection, the truck was driven and used at Entech's job site. However, Lawson cites no authority to support her position that somehow the fact that this inspection occurred placed a duty upon Entech to inspect the truck or follow its inspection history.[22]

Lawson attempts to create a jury issue on the question of whether Entech had a duty to inspect the dump truck by referring us to the deposition testimony of Cloud, in which he deposed that Entech was required to inspect the equipment that Floyd Paving actually used to do the work for leaks so as to avoid contamination of the wetland but that it was not required to inspect its vehicles.

---

[16] Id. at 461.

[17] Id.

[18] 204 Ga. App. 375 (419 SE2d 100) (1992).

[19] (Citation omitted.) Id. at 376 (1).

[20] Supra.

[21] Supra.

[22] See *Fieldstone Center v. Stanley*, 216 Ga. App. 803, 805 (2) (456 SE2d 61) (1995) (in action for negligent entrustment contractor had no duty to investigate subcontractor's driving record or whether subcontractor was licensed to drive in case where accident occurred while subcontractor was driving truck owned by contractor).

Lawson argues that the dump truck should also be considered "equipment" and submitted the affidavit of an expert, who opined that it was common in the industry to refer to such trucks as "equipment" and that Entech also had a duty to inspect the truck for safety in accordance with industry standards of care. Nonetheless, Lawson's efforts to establish a duty through expert testimony fails because "what duty a defendant owes . . . is a question of legal policy to be decided as an issue of law."[23] Even the general safe vehicle statute, OCGA § 40-8-7,[24] does not confer such a duty to inspect upon Entech but rather upon the driver of the vehicle at issue.[25] Because Lawson has not established that Entech owed the decedent a contractual duty or one established by law or statute, her action for negligence cannot be maintained.[26]

2. Given our ruling in Division 1, supra, we need not address Lawson's remaining enumerations pertaining to her claim that her lawsuit was not barred by the indemnity agreement she entered with Floyd Paving.

*Judgment affirmed. Ruffin, P. J., and Smith, P. J., concur.*

DECIDED OCTOBER 30, 2008.

*Robert D. Howell, O. Wayne Ellerbee*, for appellants.

*Young, Thagard, Hoffman, Smith & Lawrence, James B. Thagard, John H. Smith, Jr., Miller, Cowart & Howe, Wallace Miller III, Joel A. Howe, Watson, Spence, Lowe & Chambless, John M. Stephenson*, for appellee.

---

[23] (Citation omitted.) *Adams v. APAC-Georgia*, 236 Ga. App. 215, 217, n. 9 (511 SE2d 581) (1999), citing *Nat. Foundation Co. v. Post, Buckley &c.*, 219 Ga. App. 431, 435 (2) (465 SE2d 726) (1995) (defendant entitled to summary judgment notwithstanding expert testimony that it was chargeable with breach of duty).

[24] Subsection (a) provides that
[n]o person shall drive or move on any highway any motor vehicle, trailer, semitrailer, or pole trailer, or any combination thereof, unless the equipment upon any and every such vehicle is in good working order and adjustment as required in this chapter and the vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway.

[25] See generally *Hall v. Buck*, 206 Ga. App. 754, 756 (3) (426 SE2d 586) (1992) (charge on OCGA § 40-8-7 appropriate in action for damages sustained in collision).

[26] *Anderson v. Atlanta Committee for the Olympic Games*, 273 Ga. 113, 118 (5) (537 SE2d 345) (2000) ("It is axiomatic that an action for negligence cannot be maintained if the defendant did not owe the plaintiff a legal duty") (citation omitted).