**THIRD DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

November 18, 2014

# In the Court of Appeals of Georgia

A14A1045. SCHAFF et al. v. SNAPPING SHOALS ELECTRIC    DO-075
     MEMBERSHIP CORPORATION.

DOYLE, Presiding Judge.

Casey Schaff was injured when a guy wire came loose and struck him while he was working on a utility pole installed, owned, and maintained by Snapping Shoals Electric Membership Corporation ("SSEMC"). Casey and his wife, Sherri Schaff, sued SSEMC, asserting claims for negligence, negligence per se, and loss of consortium. SSEMC moved for summary judgment, and the trial court granted it. The Schaffs appeal that ruling, and we affirm for the following reasons.

We review a grant of summary judgment de novo, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. A defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element

of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.[1]

Viewed in favor of the Schaffs, the record shows Casey was employed as a field auditor for Charter Communications, a cable company. As such, Casey checked cable connections at various locales, and he sometimes had to climb utility poles using a ladder to check cable connections thereon. Charter provided mandatory training regarding how to properly climb the poles. On December 6, 2007, approximately seven months after beginning work with Charter, Casey was dispatched to a utility pole in Henry County to disconnect service. After visually inspecting the pole and the ladder and verifying that "everything looked good," Casey attached his safety harness and began climbing. After he reached the top of the pole, a guy wire from the pole snapped and hit him, causing him to fall from the ladder . Casey suffered a fractured back and a concussion, and he also injured his jaw and hip.

---

[1] (Punctuation and footnote omitted.) *Meadows v. Diverse Power, Inc.*, 296 Ga. App. 671 (675 SE2d 571) (2009). See also OCGA § 9-11-56 (c).

SSEMC installed the utility pole involved in this case in April or May of 2007. It is undisputed that the guy wire that allegedly snapped and struck Casey was installed, owned, and maintained by Charter, Casey's employer.[2]

The Schaffs filed their initial lawsuit against SSEMC on December 7, 2009. They dismissed their initial action without prejudice on June 22, 2011, and re-filed this action on December 15, 2011, asserting claims for negligence, negligence per se, and loss of consortium. SSEMC filed a motion for summary judgment, and the trial court granted it, finding that (a) the Schaffs' negligence claim failed because they failed to establish a duty, breach, or causation; (b) the Schaffs failed to support their negligence claim by specifying which statutes SSEMC allegedly violated; and (c) Sherri's loss of consortium claim failed as a derivative claim. This appeal followed.

1. The Schaffs argue that the trial court erred by granting summary judgment to SSEMC on Casey's negligence claim. We disagree.

To prevail on a negligence claim, a plaintiff must demonstrate

(1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the

---

[2] Pursuant to a joint use agreement, SSEMC permitted Charter to install certain lines, including guy wires, to SSEMC poles.

3

conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.[3]

Therefore,

> [b]efore negligence can be predicated upon a given act, some duty to the [plaintiff] must be sought and found, the observance of which duty would have averted or avoided the injury or damage. No matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that it should not have done, or failed to do something that it should have done pursuant to the duty owed the plaintiff.[4]

"A power company is charged with the duty of exercising ordinary care in the construction and maintenance of its wires, poles, transformers and equipment."[5] Here, however, it is undisputed that although SSEMC owned, installed, and maintained the

---

[3] (Punctuation omitted.) *Lawson v. Entech Enterprises, Inc.*, 294 Ga. App. 305, 307 (1) (669 SE2d 211) (2008), quoting *Bradley Center, Inc. v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982).

[4] (Citation and punctuation omitted.) *City of Douglasville v. Queen*, 270 Ga. 770, 771 (1) (514 SE2d 195) (1999).

[5] *McGarity v. Hart Elec. Membership Corp.*, 307 Ga. App. 739, 745 (2) (706 SE2d 676) (2011), citing *Schuessler v. Bennett*, 287 Ga. App. 880, 886 (3) (652 SE2d 884) (2007) & *Collins v. Altamaha Elec. Membership Corp.*, 151 Ga. App. 491-492 (1) (A) (260 SE2d 540) (1979).

utility pole, the guy wire that snapped and struck Casey was owned, installed, and inspected by Charter. Therefore, SSEMC did not owe Casey a duty to inspect or maintain the guy wire, and the trial court did not err by granting summary judgment to SSEMC on the Schaffs' negligence claim.[6]

2. The Schaffs also contend that the trial court erred by granting summary judgment to SSEMC on their negligence per se claim. Again, we disagree.

> Generally, negligence per se arises when a statute or ordinance is violated. The violation of certain mandatory regulations may also amount to negligence per se if the regulations impose a legal duty. OCGA § 51-1-6 provides: "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." Assuming that a violation of a statute or mandatory regulation has occurred, before negligence per se can be determined, a trial court must consider (1) whether the injured person falls within the class of persons it was intended to protect and (2) whether the harm complained of was the harm the statute was intended to guard against. Finally, if the court finds negligence per se, the

---

[6] See *Bruscato v. Gwinnett-Rockdale-Newton Community Svc. Bd.*, 290 Ga. App. 638, 643 (1) (660 SE2d 440) (2008). Compare *McGarity*, 307 Ga. App. at 745-747 (2) (summary judgment improper because there was evidence that the utility company failed to properly inspect or maintain *its own* live and uncovered electrical wire, which caused severe burns to the plaintiff when he hit it with his foot).

5

plaintiffs must then demonstrate a causal connection between the negligence per se and the injury.[7]

Thus, in order to establish negligence per se, plaintiffs must specify the statute, ordinance, or regulation that they allege SSEMC violated.

Here, the Schaffs allege in their complaint that SSEMC "violat[ed] its own agreement, industry, and reasonable inspection, supervision, and maintenance standards." This statement, without more specificity, is insufficient to establish negligence per se.[8] The trial court properly granted summary judgment to SSEMC on this claim.

3. Finally, the Schaffs argue that the trial court erred by granting summary judgment on Sherri's loss of consortium claim. For the reasons stated above, Casey's personal injury claims fail, and therefore, Sherri's derivative loss of consortium claim fails as well.[9]

---

[7] (Punctuation omitted.) *Norman v. Jones Lang Lasalle Americas, Inc.*, 277 Ga. App. 621, 627-628 (2) (b) (627 SE2d 382) (2006).

[8] See *Champion Windows of Chattanooga, LLC v. Edwards*, 326 Ga. App. 232, 241 (2) (756 SE2d 314) (2014); *Norman*, 277 Ga. App. at 628-629 (2) (b).

[9] See *Behforouz v. Vakil*, 281 Ga. App. 603, 604 (636 SE2d 674) (2006), citing *White v. Hubbard*, 203 Ga. App. 255, 256 (416 SE2d 568) (1992).

*Judgment affirmed. Barnes, P.J., and Boggs, J., concur.*