42562. SHEPHERD CONSTRUCTION COMPANY, INC. v. WATSON et al.

<span style="font-variant: small-caps">Argued January 4, 1967—Decided February 15, 1967.</span>

*Martin, Snow, Grant & Napier, T. Baldwin Martin, Charles M. Stapleton,* for appellant.

*Tully M. Bond, Jr., Melton, McKenna & House, Buckner F. Melton,* for appellees.

FELTON, Chief Judge. ■ The judgment of the trial court denying the motion for summary judgment will be reviewed in this court although it is the only judgment, ruling or order appealed from. *Undercofler v. Grantham Transfer Co.,* 222 Ga. 654 (151 SE2d 765); *Giddens v. Sumner,* 115 Ga. App. (1). "In connection with an appeal from the denial of a summary judgment error may be enumerated on any prior adverse ruling, including the overruling of a general demurrer to the petition." *Kahn v. Graper,* 114 Ga. App. 572 (1) (152 SE2d 10).

■ The petition alleged a cause of action good as against the general demurrer. It shows that the collision occurred because of the alleged improper placement of signs and barricades in the vicinity of the "detour" or additional roadway, the traffic into and through which was under the supervision, direction and control of the appellant and another defendant. It is unnecessary to consider the overruling of the special demurrers in view of our ruling on the motion for summary judgment hereinafter. The court did not err in its judgment overruling the appellant's general demurrer.

■ The appellant's motion for summary judgment was supported by affidavits of two of its employees, Smith and O'Neal,

which state, in part, substantially as follows: There was no connection between the appellant and the other two defendant contractors, each of their contracts with the State Highway Department being separate. Prior to the time of the accident, appellant had completed the "detour" road and it had been accepted by the State Highway Department and turned over to it and the other two defendant contractors for use as a detour around the bridge construction areas. At the time of the accident appellant was not working in the vicinity of the "detour," had no employees or equipment there and had no control over either the original highway, the additional roadway or the signs and barricades used in diverting traffic, the latter not being a part of its contract.

R. J. Gilliam, superintendent of defendant Fortune & Fowler, Inc., testified by deposition, in part, as follows: His firm was in charge of and had the responsibility of looking after and regulating traffic with the signs and barricades when they were using the "detour" to divert traffic away from their bridge construction over the original highway. They were so using the signs and barricades on the day of the accident and on the two days prior thereto. At this particular time, they were the only ones using the "detour," the appellant having finished the paving of the roadway of the "detour" and moved on to work at another location temporarily.

John W. Fortune, one of the principals of defendant Fortune & Fowler, Inc., testified by deposition, in part, substantially as follows: He, not the State Highway Department, put up the rented detour barricades and signs at both ends of the detour when his firm was using it, as provided by their contract. The appellant had not wanted to assume responsibility for accidents on the "detour" and the State Highway Department had agreed that the "detour" need not be barricaded when it was not in use. He and his superintendent, Gilliam, turned all the detour signs and barricades each night so that they were not visible to traffic. At no time during the construction were the barricades and signs used during the night, at which time no work was done. When asked if the appellant was through with the "detour" road at the time of the accident, he stated as follows:

"Well, no, he's not through with it yet. He's not through with it now . . . it's still his road. If a wash comes and washes his shoulder off, he maintains it. He has already had to put some dirt in there. He had ditch paving going on in the medians between the two roads and he had ditch paving going up the side and he still has some more and he's got two or three crossovers to build. He's got to make a turnover where you can be on I-75 and he's got to tear out some stuff that he put in there—he's got a good bit of work to do . . . he won't be through with that road, probably this summer."

All of the above evidence indicates that, although the appellant may have had additional work remaining to be done in connection with the so-called "detour" road, at the time of the accident and two days prior thereto the appellant had completed the paving of the "detour" sufficiently for its use by the other contractors, had turned over the road itself, if not the adjoining ditches, crossovers, etc., to the State Highway Department, had moved on to work at a different location, had no employees or equipment at that site and had relinquished, for that period at least, whatever supervision, direction and control over the flow of traffic in that area it might have assumed. The evidence shows that the State Highway Department required, for safety purposes, that traffic be detoured away from that portion of the original highway over which defendant Fortune & Fowler, Inc. was constructing the overhead interstate highway bridges while such work was actually being performed. Although the additional roadway being constructed by the appellant parallel to the original highway was designed and scheduled to form ultimately the two northbound lanes of a four-lane roadway in the area in which that road passed under the interstate highway, its sole function at the time of the accident was to detour traffic away from the overhead bridge construction site on the original highway. By agreement with the State Highway Department, the "detour" road was never barricaded, even when its was not in use as a detour and the original highway was being used to accommodate the traffic. Since Fortune & Fowler, Inc. was prohibited by the State Highway Department from working on the bridge while traffic was

traveling on the original highway underneath it, it could not perform its work at all without barricading the highway and routing the traffic over onto the appellant's "detour" road, which would have interfered with or rendered impossible the appellant's work thereon. Hence, the activities of these two contractors which thus involved the "detour" road were mutually exclusive. Therefore, the evidence of Fortune & Fowler's working in the area and its concomitant control of the flow of traffic by the warning signs and barricades at the time of the accident demands the conclusion that the control of traffic by such devices at that time and place was not in the appellant, whose control would have been inconsistent with that of Fortune & Fowler, Inc.

The evidence shows that the appellant had no control over the flow of traffic in the area involved at the time of the accident, hence no liability arising therefrom. There remaining no issues of fact in the case with regard to the appellant, the court erred in its judgment denying the appellant's motion for summary judgment.

*Judgments affirmed in part; reversed in part. Hall and Eberhardt, JJ., concur.*