44979. MARSHALL v. HUGH STEELE, INC. et al.

WHITMAN, Judge. 1. Plaintiff-appellant sued defendant-appellee Southeastern Highway Contracting Company (hereafter called "Southeastern"), and several other defendants, for injuries he received while traveling on Interstate Highway "I-75" at a time when it was still under construction. Southeastern's motion for summary judgment was granted and plaintiff has appealed.

The uncontradicted evidence is that plaintiff was traveling from Macon to Atlanta at night on March 12, 1968, at a time when I-75 was in various stages of completion; that for northbound traffic the highway was complete from Macon to Forsyth, but at Forsyth the northbound lanes ended with barriers and arrows directing traffic to the right onto a different highway. The evidence was also uncontradicted that instead of plaintiff following these arrows and getting off I-75, which he had done on past trips, he crossed over a 50-foot-wide dirt median at a point where it appeared to have been traveled. He thus reached the southbound lanes. He then passed between some relatively widely spaced saw-horse barricades with black lines on them which were located in the southbound lanes. He then proceeded on his northbound journey in the southbound lanes.

In plaintiff's deposition taken for purposes of cross examination and discovery, he testified that he had, in going to Macon earlier in the day, traveled south in the southbound lanes by getting on I-75 at the Highway 16 intersection, using an unpaved entrance ramp; that a portion of the southbound lanes was also unpaved. He testified that he was aware that the southbound lanes north of Forsyth were under construction.

In going north that night plaintiff testified that he passed the Highway 16 intersection. Approximately 2175 feet north of where I-75 crosses State Road 155 the pavement ended at a ravine into which plaintiff plunged.

The evidence is that the point of the collision was some 26 miles north of where plaintiff had crossed over the median into the southbound lanes at Forsyth. The evidence is also undisputed that Southeastern's contract encompassed only that stretch of the highway beginning at Forsyth and going north 9.999 miles. In other words, the ravine into which plaintiff plunged was some 16 miles beyond that stretch of the highway which Southeastern was constructing and had any control over.

2. Specific negligence was alleged in failing to erect highly visible and effective barricades, lights, reflectorized signs, and various warning devices where the road terminated at the ravine. Negligence was also alleged in failing to comply with Section 3 of the Georgia Manual on Uniform Traffic Control Devices and in failing to maintain the supervision required to assure that all protective devices required by minimum standards would be in force and effect during the construction period.

None of these allegations could constitute negligence as to Southeastern whose control and responsibility with regard to I-75 construction ended at a location some 16 miles distant.

"Though a contractor must protect the public from dangerous conditions in the highway resulting from his work, no duty aside from statute is imposed upon him to protect the traveling public against dangerous or defective conditions of the highway caused by others." *Schwarcz v. Charlton County,* 211 Ga. 923, 930 (89 SE2d 881). "A contractor has no authority, control or responsibility over public ways outside the boundary of its contract provisions." *Murdock v. Ledbetter-Johnson Co.,* 105 Ga. App. 551, 554 (125 SE2d 99); *Shepherd Constr. Co. v. Watson,* 115 Ga. App. 224 (3) (154 SE2d 388).

3. The complaint also alleged negligence in inviting the use of I-75 by plaintiff and the public while it was still under construction, knowing the roadway was in an unsafe condition and terminated at a ravine and in inviting use of the roadway without effective warning signs, barricades, etc.

With the undisputed evidence showing the existence of barricades and signs directing northbound traffic off of I-75 at Forsyth, which plaintiff admitted seeing, understanding and ignoring, and with the undisputed evidence showing the existence of barricades on the southbound lanes, which plaintiff also admitted seeing and recognizing as barricades, but ignored, plaintiff may not assert that he was impliedly invited to go upon the unopened road merely because he was in fact able by passing between the barricades to get his vehicle onto the southbound lane and travel north some 26 miles.

The evidence shows no material facts in dispute and no breach of any duty owed the plaintiff by Southeastern. The trial court did not err in granting the latter's motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 5, 1970—DECIDED JUNE 10, 1970—REHEARING DENIED JUNE 29, 1970—

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, Raymond H. Vizethann, Jr.,* for appellant.

*David A. Handley, Gambrell, Russell, Moye & Killorin, Charles A. Moye, Jr., Powell, Goldstein, Frazer & Murphy, John T. Marshall, Swift, Currie, McGhee & Hiers, George W. Hart, Warner S. Currie, Neely, Freeman & Hawkins, Paul Hawkins, William E. Cetti,* for appellees.