## 49106. In re PICKETT.

Bell, Chief Judge.
The appellant, a married man, seeks to legitimate his son born during his marriage but mothered by a woman not his wife. The natural mother consented. The trial court refused to enter an order legitimating on grounds that to permit a married man to legitimatize a child conceived during wedlock by a woman not his wife would be contrary to public policy and to the laws favoring monogamy. The court concluded that it was the intent of the legislature that legitimation proceedings under Code § 74-103 were only available to unmarried fathers. *Held:*

Under the common law of England illegitimate children could not be rendered legitimate by any subsequent act of their parents. They were unfortunate members of society branded forever by the lusts of their mothers and fathers. The only possible method of legitimization was by the affirmative act of Parliament and so it remains to this day in all common law jurisdictions, i.e., legitimization is possible only by legislative grant. Unfortunately, while the General Assembly of Georgia has acted to erase most of the legal blight,[1] no governmental entity can eliminate the social stigma attached to the status by inordinate human malice. Our statute, Code § 74-103, states flatly that "A father of an illegitimate child may render the same legitimate by petitioning the superior court . . . and praying the legitimation of such child." Being in derogation of the common law, the statute must be strictly construed. The statute's clear language shows the legislative intent to be that the father alone has the right to legitimate a child and this whether the father is married or single. The father's wife has no legal status to object even though the child was conceived by another woman during the wife's marriage to the father. The statute does not concern itself with the effect of legitimization on domestic tranquility nor does it deny legitimization to children born through adulterous relationships. The statute does not say or imply that legitimization is under any circumstances repugnant to monogamy. Whatever ultimate results legitimization under the facts in this case may bring to other legal relationships, those possibilities cannot abrogate the

---

[1] The statute does not have the effect of rendering legitimate a bastard child according to the full significance of that term, but only to legitimate so as to enable the child to inherit from his father, to enjoy his name and like amenities. The authorized right to inherit does not extend to his father's wife who is not his mother nor to his half brothers and sisters. *Hicks v. Smith,* 94 Ga. 809 (22 SE 153).

manifested legislative intent that the father has the statutory right to render his son legitimate. Under the statute as it presently reads the father's right to legitimate is absolute subject only to the qualification that the natural mother may object and if she shows valid reasons why the petition should not be granted, the judge may deny it.

The trial judge erred and his judgment is reversed with directions to enter the order legitimizing the child.

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*

ARGUED FEBRUARY 5, 1974 — DECIDED MARCH 5, 1974.

*Gary R. Brenner, John L. Cromartie, Jr., Bettye H. Kehrer,* for appellant.

*J. Johnson Hall, Hugh Lawson,* contra.