72499. BAKER v. REYNOLDS TRUCKING COMPANY, INC.
(351 SE2d 657)

BEASLEY, Judge.

This is an action to recover for the wrongful death of plaintiff's husband.

Plaintiff alleged that while driving a truck on Highway 38 her husband lost control due to an extreme variation between the road and its shoulder and wrecked; that defendant, a road contractor, was

negligent in paving part of the highway so that the shoulder was five to seven-and-a-half inches lower than the road; that defendant was also negligent in failing to provide and maintain safeguards and safety devices so as to protect traffic as set forth in the contract between defendant and the Department of Transportation.

Four days prior to the occurrence on March 16, 1984 defendant completed its job with DOT to repave a certain portion of Highway 38. On March 13, 1984, on authorization of a DOT engineer, defendant removed all warning signs which it had erected. Under the contract with DOT defendant was concerned only with repaving the road and was not responsible for any work on the road shoulders.

The trial court granted defendant's motion for summary judgment and this appeal followed.

In the brief to this court counsel for plaintiff has failed to refer to the particular page numbers of the record where certain proof on which he relies may be found, although he describes the evidentiary documents and gives their internal page numbers. Court of Appeals Rule 15 (c) (3) (i) calls for "specific reference to the record" as well as the transcript. Subsections (ii) and (iii) relate expressly to the transcript and specifically call for transcript *page* numbers. Although subsection (i) does not specifically designate *record* page numbers, that is what is meant. Obviously much wasted time of the court and opposing counsel can be saved if the briefing party designates the page number in the record or transcript so that a search need not be made. Not only does this consume precious time unnecessarily, it creates the possibility of a wrong guess by the reader as to what the writer refers to. Further, the reader may not find it. The rule simply calls for a sharing of information indubitably had by the brief-writer, to ease the mechanics of appellate review, so that the party's appeal may be considered on its merits. See *Dugger v. Danello*, 175 Ga. App. 618, 619 (2) (334 SE2d 3) (1985); *Justice v. Dunbar*, 152 Ga. App. 831, 832 (264 SE2d 301) (1979); *Ross v. State*, 173 Ga. App. 313, 315 (5) (325 SE2d 919) (1985).

Considering the core of plaintiff's contentions it is clear that this case was properly decided below. See *Shepherd Constr. Co. v. Watson*, 115 Ga. App. 224 (154 SE2d 388) (1967), which determined that a road contractor cannot be held responsible for completed work over which it no longer exercises any control. " 'A contractor has no authority, control or responsibility over public ways outside the boundary of its contract provisions.' [Cits.]" *Marshall v. Hugh Steele, Inc.*, 122 Ga. App. 114, 115 (2) (176 SE2d 554) (1970). See *Derryberry v. Robinson*, 154 Ga. App. 694, 695 (2) (269 SE2d 525) (1980) which sets forth the general rule as to contractors and its exceptions: " 'the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though

he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection. [Cits.]

" 'There are, of course, well recognized exceptions to this general rule. One such exception is that the contractor is liable where the work is a nuisance per se, or inherently or intrinsically dangerous. Another is that the contractor is liable where the work done and turned over by him is so negligently defective as to be imminently dangerous to third persons. [Cits.]

" 'If the work performed by the contractor is not shown to come within one of the exceptions to the general rule, when the work is finished by him and accepted by his employer, the liability of the former generally ceases and the employer becomes answerable for damages which may thereafter accrue from the defective conditions of the work. [Cit.]' " See also *Price v. Reeves Constr. Co.*, 181 Ga. App. 241 (351 SE2d 655) (1986); *PPG Indus. v. Genson*, 135 Ga. App. 248, 250 (2) (217 SE2d 479) (1975).

Here the contractor performed the work required under the contract. The condition the road was left in was the natural state at that stage of the roadwork. It would not be inherently dangerous unless the repaving work had not been completed and appropriate warnings and safeguards were not utilized while the work was being finished. But once the work was completed DOT was responsible for traffic control devices on the public road. See OCGA §§ 32-6-50 and 51. Thus, the general rule is applicable in that the contractor's liability ceased upon completion of its contract.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 12, 1986 —
REHEARING DENIED NOVEMBER 26, 1986.

*William V. Evans,* for appellant.
*Frank W. Seiler, James B. Matthews III,* for appellee.