## A90A0853. VAL PREDA MOTORS v. NATIONAL UNIFORM SERVICE.
(393 SE2d 728)

BIRDSONG, Judge.

Peter Val Preda d/b/a Val Preda Motors ("Val Preda") appeals from the grant of summary judgment to National Uniform Service ("National"). The record shows that National filed suit to recover sums allegedly owed under a contract. Val Preda, pro se, answered denying "all the allegations" in the complaint. Thereafter, National moved for summary judgment and supported its motion with the contract and the affidavit of its general manager. The affidavit stated, from National's business records and the manager's personal knowledge, Val Preda had defaulted on the contract and refused to make the payments owed. The business records mentioned, however, were not attached to the affidavit.

Val Preda's brief in opposition to the motion contended that genuine issues of material fact remained which barred a grant of sum-

mary judgment. Val Preda's brief was supported by his affidavit stating he had returned all of National's uniforms and there was no balance due National.

Neither party having requested a hearing on the motion, the trial court considered the matters of record, found that "there [were] no disputes as to genuine issues of material fact," and granted summary judgment to National. Val Preda appeals, contending that summary judgment was erroneously granted because genuine issues remained for trial. *Held*:

1. National's motion to dismiss the appeal because Val Preda was six days late in filing his brief and enumerations of error is denied. OCGA § 5-6-48 (b).

2. Although National's affidavit referred to certain business records purportedly supporting its motion, the records were not attached to the affidavit and, therefore, the references to the business records cannot be used to support the motion. OCGA § 9-11-56 (e); *Henry v. Polar Rock Dev. Corp.*, 143 Ga. App. 189, 190 (237 SE2d 667).

Val Preda's affidavit, a matter of record in this case, denied he owed any money to National. Viewed either as a statement of fact or of opinion, the denial is sufficient to defeat National's motion. *Ginn v. Morgan*, 225 Ga. 192, 193 (167 SE2d 393). Thus, unless National established this denial was of no legal consequence, a genuine issue of material fact remained for trial. National made no such showing, and the record merely shows a claim for money by National and a denial that money was owed by Val Preda. Under the circumstances, the trial court's finding that no genuine issues remained is not supported by the record and cannot be sustained. *Beaulieu of America v. L. T. Dennard & Co.*, 253 Ga. 21, 22 (315 SE2d 889). Accordingly, National failed to meet the burden established in OCGA § 9-11-56 (c), and the grant of summary judgment must be reversed.

3. In the absence of a request under Superior Court Rule 6.3, the trial court did not err by deciding the motion without oral argument. *Jacobsen v. Muller*, 181 Ga. App. 382, 383 (352 SE2d 604).

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 24, 1990.

Peter Val Preda, *pro se.*

*Krause & Hirons, Wayne A. Krause, Allen R. Hirons*, for appellee.