A91A0148. REED v. ED TAYLOR CONSTRUCTION COMPANY et al.
(402 SE2d 346)

ANDREWS, Judge.
Reed appeals the grant of summary judgment to defendants Tay-

lor Construction Company and McTyre Grading & Pipe Company, Inc., in his suit for personal injury, contending that the trial court's grant of summary judgment to two of the seven defendants was improper.

Viewed in favor of Reed, the opponent of the summary judgment motion, OCGA § 9-11-56; *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981), the evidence was that Reed was involved in a two-vehicle collision when he ran into the rear of a logging tractor-trailer.

The accident occurred on July 21, 1988, as Reed was traveling south on Six Flags Drive and the logging truck driven by Robinson was traveling in reverse in the same lane. Robinson was backing up and looking for the entrance to a construction job site for which defendant/appellee Taylor Construction Company was the general contractor. It was undisputed that the accident occurred in the paved portion of the road outside the boundaries of the construction site and that no warning signs were posted along the road to alert passing traffic to the off-road construction site.

As general contractor, Taylor's work at the site included providing site utilities, paving, sidewalks and curbs. Taylor subcontracted certain of the grading and utility work to defendant/appellee McTyre Grading & Pipe. McTyre subcontracted out some work to a second company[1] which subcontracted with a third company. A fourth subcontractor hired driver Robinson.

Although plaintiff Reed claimed that Taylor and McTyre were responsible for Robinson's actions, here Reed has abandoned claims that Robinson is an agent or employee of Taylor or McTyre. The sole issue before us is the propriety of summary judgment on plaintiff's claim that failure to properly warn the motoring public of the entrance to the construction site constituted negligence.

"In order '(t)o prevail on a motion for summary judgment (OCGA § 9-11-56), a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. (Cits.)' *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981); [cit.]" *Willis v. Allen*, 188 Ga. App. 390, 391 (373 SE2d 79) (1988).

A defendant is entitled to summary judgment if he produces evidence conclusively establishing facts which negate one or more essential elements of the plaintiff's action. *Laite v. Baxter*, 126 Ga. App. 743 (191 SE2d 531) (1972).

Here, summary judgment was granted due to Reed's failure to establish any duty by appellees to warn the public of the entrance to

---

[1] All of the subcontractors are defendants in the trial court.

the construction site.

The duty of an owner or occupier of land is to exercise ordinary care to keep the premises and the approaches to the premises safe. OCGA § 51-3-1; *Todd v. F. W. Woolworth Co.*, 258 Ga. 194 (366 SE2d 674) (1988); *Elmore of Embry Hills v. Porcher*, 124 Ga. App. 418, 420 (183 SE2d 923) (1971); *Scoggins v. Campbellton Plaza Corp.*, 114 Ga. App. 23 (1) (150 SE2d 179) (1966); *Spindel v. Gulf Oil Corp.*, 100 Ga. App. 323 (1) (111 SE2d 160) (1959). In essence, Reed contends that the public road in front of the construction site was an unsafe approach because of the absence of warning signs.

"If the approach is a public way[, the occupier's] duty under OCGA § 51-3-1 is to exercise due care within the confines of his right in the public way. [The occupier's right] in the public way may be quite limited but nonetheless exist[s]." *Todd*, supra at 196. In other words, the duty over a public way is circumscribed by the rights in it the occupier has exercised.

In this case, there was no evidence that Taylor or McTyre exerted any control over the public road in front of the construction site. See *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 521 (317 SE2d 853) (1984). Further, despite Reed's affidavit regarding the traffic flow in the area, there was no evidence that Taylor or McTyre used the road in a manner different from the motoring public. In short, there was no evidence that any unusual circumstances existed on the public road which necessitated intervention by Taylor or McTyre.

In this case, the elements on which to base a duty predicated on the contractors' rights in, or control over, the public road are lacking. It is clear that the public road did not constitute an approach to the construction site for which the contractors had the responsibility of erecting signs.[2]

It is a contractor's duty to protect the public from dangerous conditions in the highway resulting from his work. *Marshall v. Hugh Steele, Inc.*, 122 Ga. App. 114, 115 (176 SE2d 554) (1970), citing *Schwarcz v. Charlton County*, 211 Ga. 923, 930 (89 SE2d 881) (1955).[3] Despite appellant's arguments to the contrary, there is no ev-

---

[2] If the public road was unsafe because of the absence of signs, OCGA § 32-6-50 would control. That section provides that the Department of Transportation is responsible for placing and maintaining such traffic-control devices on completed roads as are necessary to regulate, warn or guide traffic. See *Baker v. Reynolds Trucking Co.*, 181 Ga. App. 242 (351 SE2d 657) (1986); *Murdock v. Ledbetter-Johnson Co.*, 105 Ga. App. 551 (125 SE2d 99) (1962). In fact, McTyre argues that the contractors would have been statutorily prohibited from erecting warning signs on a public road under OCGA § 32-6-51; see *Ledbetter-Johnson Co. v. Thacker*, 108 Ga. App. 300 (132 SE2d 838) (1963).

[3] Dangerous conditions on roadways typically have involved obstructions or excavations. Compare *Clark v. Raymond J. Pitts, Inc.*, 151 Ga. App. 192 (259 SE2d 189) (1979).

idence that the absence of an entrance marking to the construction site was a dangerous condition. *Cummings v. Grubb*, 184 Ga. App. 872 (363 SE2d 167) (1987); compare *Hardy v. Brooks*, 103 Ga. App. 124, 125 (118 SE2d 492) (1961).

The absence of any duty is not altered by the contract between Taylor and the project owner, as Reed argues, since the document simply reaffirms the principles stated above and supports our decision that the contractors' responsibility was limited to the construction site. See *Baker v. Reynolds Trucking Co.*, supra, n. 2; *Shepherd Constr. Co. v. Watson*, 115 Ga. App. 224 (3) (154 SE2d 388) (1967); *Marshall v. Hugh Steele, Inc.*, supra; *Murdock v. Ledbetter-Johnson Co.*, supra, n. 2.

In conclusion, we note that neither Taylor nor McTyre had a duty to warn against obvious or patent conditions which could be observed and avoided by the exercise of ordinary care. *Rich's, Inc. v. Waters*, 129 Ga. App. 305 (199 SE2d 623) (1973); *Emory Univ. v. Duncan*, 182 Ga. App. 326 (355 SE2d 446) (1987). Here, it was undisputed that Reed was familiar with the accident area and was aware that construction was going to begin.

Robinson was traveling on a public road and missed the entrance to the construction site. He began traveling in reverse down the road and collided with Reed. Neither Reed nor Robinson ever entered onto property which was under appellees' control and the record contains no evidence that the construction site made the road in front of it dangerous. In the absence of a duty breached, there can be no negligence. *Georgia Properties Co. v. Nisbet*, 42 Ga. App. 338 (156 SE 298) (1930).

The trial court did not err in granting summary judgment to these defendants. *Gray v. Gober*, 185 Ga. App. 624, 627 (1) (365 SE2d 279) (1988).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 1991.

*William R. Hurst*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Arnold E. Gardner, Stephanie F. Goff, Lokey & Bowden, Peter K. Kintz, R. Patrick White, Michael H. Saul, Russell T. Ross*, for appellees.