## A98A1453. CLEMENTS v. PHILLIPS.
### (510 SE2d 311)

RUFFIN, Judge.

Michael Phillips petitioned to legitimate and obtain custody of D. A. P., a minor child, in October 1994. In his verified complaint, Phillips alleged that he was D. A. P.'s natural father. Attached to the complaint was an agreement between Phillips and the child's mother, Laura Clements (then known as Laura Starr), stating that D. A. P. was Phillips' child and providing that Phillips would have custody of D. A. P. After Phillips filed a motion for judgment on the pleadings, the trial judge entered a final judgment legitimating the child and awarding custody to Phillips. The order also incorporated the terms of the parties' agreement, which specified Clements' visitation rights and required her to pay child support.

In October 1997, Clements, individually and as next friend of D. A. P., filed separate extraordinary motions for new trial and motions to set aside the judgment. In these motions, Clements claimed that Phillips was not in fact the child's biological father. In his response, Phillips admitted that he was not the biological father.

At the hearing on the motions, Clements and Phillips both admitted that they knew Phillips was not D. A. P.'s biological father prior to the legitimation. On December 23, 1997, the trial court denied Clements' motions as well as her request for appointment of a guardian ad litem. The trial court's order purported to address only the motions filed by Clements as the child's next friend, and not the motions Clements filed on her own behalf. We granted Clements' application for discretionary appeal and reverse the trial court's judgment.[1]

1. "On an extraordinary motion for a new trial based on newly discovered evidence, it is incumbent on the movant to satisfy the court: (1) that the newly discovered evidence has come to his knowledge since the trial; (2) that want of due diligence was not the reason that the evidence was not acquired sooner; (3) that the evidence was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credit of a witness." (Punctuation omitted.) *Smith v. Dept. of Human Resources*, 226 Ga. App. 491, 493 (1) (487 SE2d 94) (1997).

There can be no doubt that evidence of Phillips' nonpaternity would have caused a different result in the legitimation action, since only a father may bring such an action. See OCGA § 19-7-22; *In re Pickett*, 131 Ga. App. 159, 160 (205 SE2d 522) (1974) ("the father alone has the right to legitimate a child"). However, notwithstanding Phillips' admission that he was not the father, the trial court denied the extraordinary motion for new trial on the ground that the evidence was not "newly discovered," since Clements knew Phillips was not the father when she agreed to the legitimation.

In focusing on the *mother's* knowledge that Phillips was not the father, the trial court ignored the fact that the motion for new trial was brought on behalf of the *child*, and not simply by the mother on her own behalf. Although a minor is required to appear through a guardian or next friend, the minor is the real party in interest, and the guardian or next friend "is merely an officer of the court to protect the rights of the minor who is considered incapable of managing his own affairs." *Kite v. Brooks*, 51 Ga. App. 531, 535 (181 SE 107) (1935). D. A. P. was only 14 months old at the time of the legitimation and thus could not have known that Phillips was not his father. Because D. A. P. was only four years old when the extraordinary motion for new trial was filed, he cannot be charged with lack of dili-

---

[1] "Appellee[ ] [has] failed to file a brief; accordingly, [he] must stand on the strength of the record before us, as the contents thereof are interpreted by this Court, and without benefit of any written appellate brief or oral argument." *Loftin v. Gulf Contracting Co.*, 224 Ga. App. 210, 213 (1) (480 SE2d 604) (1997).

gence in failing to discover such evidence earlier. Accordingly, if D. A. P. had been represented by a guardian ad litem, instead of by his mother as next friend, there clearly would have been no barrier to his presenting evidence of Phillips' nonpaternity in support of an extraordinary motion for new trial.

It goes without saying that a child has an interest in not being legitimated by someone who is not his father. See, e.g., *In re Ashmore*, 163 Ga. App. 194, 195 (1) (293 SE2d 457) (1982) (any interested party may file objection to legitimation petition). The fact that the mother was a participant in a fraudulent scheme to have the child wrongfully legitimated does not lessen this interest. Legitimation is not a game, and the child is not the prize. A child who, through the fraud of others, has been wrongfully legitimated by someone other than his father may file an extraordinary motion for new trial based on evidence of nonpaternity and is entitled to be represented in connection with the motion by someone who is able to protect his interests. If the next friend who initiates the action is unable to represent the child's interests for any reason, then the court should appoint a separate guardian ad litem. See *Stewart v. Turner*, 229 Ga. App. 119, 122-123 (3) (493 SE2d 251) (1997) (where child's interests are adverse to those of natural guardian, trial court has affirmative duty to determine whether guardian ad litem is necessary to protect child's interests); *Sanders v. Hinton*, 171 Ga. 702, 708 (156 SE 812) (1931) (appointment of guardian not necessary unless next friend is not a suitable person "or for some other reason the interests of the minor would not be properly protected"). The court should not, as in this case, refuse to appoint a guardian ad litem and proceed to charge the innocent child with the fraud of his representative, thus perpetuating the effect of the fraud on the child. See *Stewart*, supra.

The trial court erred in denying the child's extraordinary motion for new trial based on the mother's participation in a fraudulent scheme to have the child legitimated by someone other than his father. All of the other showings required in an extraordinary motion for new trial were clearly met. See *Smith*, supra. Accordingly, the denial of the child's extraordinary motion for new trial is hereby reversed. On remand the trial court should appoint a guardian ad litem to represent the child's interests in this matter. The trial court is also encouraged to consider whether sanctions should be imposed upon any parties for committing fraud upon the court in connection with the filing of the petition.

2. Because of our ruling in Division 1, it is unnecessary to consider Clements' argument that the legitimation order should be set aside under OCGA § 9-11-60 (d) (2), which allows a party to move to set aside a judgment based on "[f]raud, accident, or mistake or the

acts of the adverse party unmixed with the negligence or fault of the movant."

*Judgment reversed and case remanded with direction. Pope, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 3, 1998.

*Alfred L. King, Jr.*, for appellant.
*Teresa O. Weiner*, for appellee.