## S06F1460. VEAL v. VEAL.
(636 SE2d 527)

SEARS, Chief Justice.

Ms. Veal ("wife") appeals from the trial court's order granting full custody of her biological daughter H. to Mr. Veal ("husband"). Because husband is neither the biological nor the legal father of the child, we find that the trial court erred by awarding husband custody of H. Therefore, we reverse.

H. was born April 10, 1997. Husband was present at H.'s birth and his name was put on her birth certificate, though both parties knew that he was not the child's father. Husband and wife were married on May 31, 1997, and had three other children during their marriage.

Husband and wife separated on May 2, 2003, and filed for divorce soon thereafter. The divorce settlement, which was incorporated into a final decree of divorce on October 30, 2003, made custody and visitation arrangements for the three children of the marriage, but made no mention of H.

In 2004, husband filed a motion to set aside the final decree of divorce on the grounds that it was void for failing to address custody and visitation with respect to H. The trial court reopened the case, and on February 28, 2004, entered a temporary order granting the parties joint custody of H. On October 31, 2005, however, the trial court found that there had been a change in circumstances affecting the welfare of H. and awarded full custody to husband.[1] Wife appeals.

H. was born prior to the parties' marriage. "Only the mother of a child born out of wedlock is entitled to [her] custody, unless the father legitimates [her] as provided in Code Section 19-7-22. Otherwise, the mother may exercise all parental power over the child."[2] Under OCGA § 19-7-22, the biological father of a child born out of wedlock may legitimate his parental relationship with the child by petitioning the superior court of the county of the residence of the child's mother (or other party having legal custody) or the county of residence of the child.[3] Husband acknowledges that he did not initiate any such legitimation procedure in this case.

Moreover, the legitimation process is not applicable under the circumstances presented here because both parties acknowledge that they knew all along that husband was not H.'s biological father. The legitimation process is meant to establish legal ties between a biological father and child where the parents were not married at the

---

[1] The trial court was particularly concerned with the fact that wife had degraded husband in H.'s presence and had interfered with husband's visitation rights.

[2] OCGA § 19-7-25.

[3] OCGA § 19-7-22.

time of the child's birth. The legitimation process is not meant to establish legal ties between a step-parent and child. As stated by the Court of Appeals in *Clements v. Phillips*, "only a [biological] father may bring [a legitimation] action."[4]

Husband contends, however, that he legitimated H. under OCGA § 19-7-20 (c), which provides that "[t]he marriage of the mother and reputed father of a child born out of wedlock and the recognition by the father of the child as his shall render the child legitimate."[5] Contrary to husband's contention, this Code section does not provide a means for a step-parent to legitimate a child. Rather, the Code section provides an alternative method to OCGA § 19-7-22 by which a reputed biological father may formalize the legal ties between himself and his child by marrying the child's mother and treating the child as his own. Because husband and wife have always acknowledged that husband is not H.'s biological father, however, we find that husband does not qualify as the "reputed father" under this statute.

Citing *Baker v. Baker*,[6] husband argues that a presumption of legitimation arose due to his actions, namely his presence at the child's birth, the placement of his name on her birth certificate, the parties' subsequent marriage, and his treatment of H. The *Baker* case is distinguishable, however, because in that case the biological mother and her husband were married at the time of the child's birth, thus creating a legal presumption of legitimacy and making husband the "legal father" of the child.[7] "A child's legal father is defined as the man married to the biological mother at the time the child was conceived or born, unless such paternity is disproved by final court order."[8] Although the husband in *Baker* was not the biological father of the child, he was considered the "legal father," and this Court determined that the "best interests of the child" standard should be employed to determine the custody arrangements for the child.[9] In the present case however, husband and wife were not married at the time of H.'s birth, and husband thus never became H.'s "legal father."

We acknowledge the unfortunate nature of the outcome in this case, as it is apparent from the record that husband has been a caring father to H., and that he treated her as he did his biological children. But before the law can allow a step-parent to seek custody of a child against the wishes of a biological parent, formal legal procedures and

---

[4] 235 Ga. App. 588, 589 (510 SE2d 311) (1998); see also *In re Pickett*, 131 Ga. App. 159, 160 (205 SE2d 522) (1974) ("the father alone has the right to legitimate a child").

[5] OCGA § 19-7-20 (c).

[6] 276 Ga. 778 (582 SE2d 102) (2003).

[7] Id. at 781.

[8] Id. at 779.

[9] Id. at 781.

concrete legal standards are necessary to safeguard all of the parties' interests and to impart the seriousness of the obligations being undertaken. The fact that a biological mother has subsequently married a man, even one who has been a laudable stepfather to her child, cannot, under the law, threaten the mother's custodial rights.

The means by which the husband in this case should have established legal paternal ties with H. was through the formal adoption process. That process is designed to protect the interests of all parties involved, especially the children who are, after all, entirely innocent in these situations.

Because husband is neither the biological nor the legal father of H., we conclude that the trial court erred by awarding him custody of the child.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Anthony M. Zezima,* for appellant.
*Ratchford & Kicklighter, Claude M. Kicklighter, Jr., Gregory S. Reeves,* for appellee.