## A07A1912. POWERS v. HUDSON & KEYSE, LLC.

(656 SE2d 578)

MIKELL, Judge.

Hudson & Keyse, LLC, as assignee of First Tennessee Bank, N. A. ("Hudson & Keyse") filed a complaint on an account against Jerry L. Powers, alleging that Powers owed $10,194.54 on a credit card account. Hudson & Keyse filed a motion for summary judgment, stating that based upon the affidavit of Nancy A. Quere and accompanying collective exhibits, Powers's debt was uncontroverted. However, the only document attached to the motion was the affidavit, and no documents supporting the claim were attached to the complaint. The trial court granted summary judgment to Hudson & Keyse, entering judgment against Powers for the principal sum of $10,194.54, accrued interest of $3,214.22, and court costs and post-judgment interest. On appeal, Powers contends that the trial court erred in granting summary judgment to Hudson & Keyse because it failed to establish the debt. Hudson & Keyse "has failed to file a brief [and] accordingly, . . . must stand on the strength of the record before us, as the contents thereof are interpreted by this Court, and without benefit of any written appellate brief or oral argument."[1] Based on the record before us, we reverse.

> Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. On appeal, the trial court's grant of summary judgment is subject to de novo review; and the evidence, and all reasonable conclusions and inferences drawn from it, are viewed in the light most favorable to the nonmovant.[2]

Hudson & Keyse filed the affidavit of Nancy A. Quere in support of its motion for summary judgment. Quere averred that she was the legal account manager for Hudson & Keyse; that she was the custodian of the accounts receivables and business records for Hudson & Keyse; that the affidavit was based on her personal knowledge and from business records related to Powers's account, of which she was the custodian; that the documents attached as Exhibit "A" derive from the aforementioned records; and that Powers owed $10,194.54 on the account. However, no documents were attached to the motion as Exhibit "A." In opposition to the motion for summary judgment, Powers points out in his brief that the complaint was not verified, that

---

[1] (Citation and punctuation omitted.) *Clements v. Phillips*, 235 Ga. App. 588, 589, n. 1 (510 SE2d 311) (1998).

[2] (Footnotes omitted.) *Gerben v. Beneficial Ga.*, 283 Ga. App. 740 (642 SE2d 405) (2007).

no documents were attached to it or to Quere's affidavit, and that the motion for summary judgment did not address his affirmative defenses.

1. Powers correctly argues that the failure to attach the documents purporting to establish the debt to the motion or the affidavit is fatal to Hudson & Keyse's motion for summary judgment. Our Supreme Court has held that "[w]here records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient."[3] Hudson & Keyse should have attached copies of the records pertinent to Powers's debt.[4] Where an affidavit is based in part on records, the balance owed on the debt cannot be established on summary judgment by means of an affidavit which referred to the records but did not have the records attached.[5] Accordingly, the trial court should have denied Hudson & Keyse's motion for summary judgment based on the record before it.

2. In light of our holding in Division 1, we need not reach Powers's remaining arguments.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 23, 2008.

*Dickinson, Mixson & Willis, David F. Dickinson*, for appellant. *Barbara Miciul*, for appellee.

---

[3] (Citation omitted.) *Taquechel v. Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991). Accord *Watson v. Ga. State Dept. of Ed. Credit Union*, 201 Ga. App. 761 (1) (412 SE2d 286) (1991). See also *Val Preda Motors v. Nat. Uniform Svc.*, 195 Ga. App. 443 (2) (393 SE2d 728) (1990) (reversed grant of summary judgment because references to business records not attached to affidavit could not be used to support the motion).

[4] *Taquechel*, supra.

[5] Id. Compare *Gerben*, supra at 742-743 (2) (in breach of contract action, affidavit that did not attach referenced documents deemed sufficient where other documents in record showed terms of the contract).