**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**September 25, 2012**

# In the Court of Appeals of Georgia

A12A0871. BROWN et al. v. SEABOARD CONSTRUCTION
COMPANY.

BOGGS, Judge.

Marietta Brown and Oscar Mangram appeal from the trial court's grant of
Seaboard Construction Company's ("Seaboard's") motion for summary judgment.
The issue on appeal is whether the trial court erred in granting summary judgment
based upon Seaboard's affidavits. We hold that the court did err, and we reverse.

On appeal from a grant of summary judgment, we apply a de novo standard of
review. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684)
(1997). "[T]he moving party must demonstrate that there is no genuine issue of
material fact and that the undisputed facts, viewed in the light most favorable to the

nonmoving party, warrant judgment as a matter of law." (Punctuation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); see OCGA § 9-11-56 (c).

The record reveals that Brown and Mangram filed a complaint for negligence against Seaboard alleging that they were seriously injured in 2005 due to "the dangerous and defective condition" of a road paved by Seaboard. Seaboard answered and asserted certain affirmative defenses, including a defense based upon the expiration of the applicable statute of limitation. Seaboard later moved for summary judgment based upon an affidavit and supplemental affidavit of its president, Stephen Swan.

Swan averred that Seaboard had not done paving or repair work on the road any time other than 1997 and 2006, and that any care and maintenance of the road after 1997 would have been the responsibility of the Georgia Department of Transportation ("DOT"). The trial court denied Seaboard's motion for summary judgment based upon issues of fact as to whether Brown and Mangram's claim was within the limitation period, and concluded that the question of whether "the loss of control of the vehicle was the fault of a defect in the roadway" or due to some other cause, could not be adjudicated on summary judgment.

Six months after the denial of its motion for summary judgment, Seaboard filed a renewed motion for summary judgment based upon a third affidavit filed by Swan. The trial court granted the renewed motion, finding that any defects in the road would be the responsibility of the DOT based on Seaboard's completion of the project pursuant to DOT standards. See OCGA § 32-2-2 (a) (1); *Fraker v. C. W. Matthews Contracting Co.*, 272 Ga. App. 807, 810 (2) (614 SE2d 94) (2005) (Georgia law dictates that DOT has control and responsibility for all construction and maintenance of state highway system). The trial court's ruling was based upon averments in this third affidavit.

1. Brown and Mangram first contend that the affidavits submitted by Swan were contradictory and therefore should not be considered. See *Prophecy Corp. v. Charles Rossignol Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986) (testimony of party who offers himself as witness in his own behalf is construed most strongly against him when it is self-contradictory). Swan's first affidavit averred that Seaboard "had not done any asphalt or repair work" on the road "at any time other than 1997 and 2006." His supplemental affidavit explained that in 2001, Seaboard submitted a subcontractor proposal to the DOT for a different road on behalf of an "independent sister company of Seaboard." And in a third affidavit, Swan averred that Seaboard

3

contracted with the DOT to repave the road in 1997, the repaving was completed in 1998, the DOT accepted the work in 1998, and Seaboard repaved the road in accordance with "the plans and specifications provided by the Georgia DOT." Contrary to Brown and Mangram's argument, the third affidavit is not contradictory to the first two affidavits, but rather clarifies that while Seaboard contracted to do the repaving work in 1997, it was not completed and accepted until 1998. See, e.g., *Cornelius v. Hutto*, 252 Ga. App. 879, 882 (1) (558 SE2d 36) (2001) (testimony did not contradict affidavit where it simply provided additional information). The contradictory testimony rule of *Prophecy*, supra, therefore does not apply.

2. Brown and Mangrum argue that Swan's third affidavit is based upon hearsay and therefore could not be relied upon in support of Seaboard's motion for summary judgment. In this affidavit, Swan averred that "in addition to his personal knowledge concerning the operations of Seaboard Construction, he has access to its records which were maintained in the ordinary course of its business, as well as having reviewed records of the Georgia DOT concerning the repaving." He averred further that "Seaboard's contract with the DOT, contract number TCC-507(1) 01 . . . provided that the repaving was to be done in accordance with the plans and specifications provided by the Georgia DOT." Swan concludes this third affidavit

4

with the statement that "[t]his affidavit is based upon my personal knowledge and the facts recited herein are true and correct."

While Swan averred that the statements in the affidavit are based upon his personal knowledge, he refers to and relies upon documents that were not attached to the affidavit. In particular, "records which were maintained in the ordinary course of [Seaboard's] business," "records of the Georgia DOT concerning the repaving," and "Seaboard's contract with the DOT, contract number TCC-507(1)01." "[W]here records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient." (Citations, punctuation and footnote omitted.) *Powers v. Hudson & Keyse, LLC.*, 289 Ga. App. 251, 252 (1) (656 SE2d 578) (2008) (affidavit based in part on personal knowledge and in part on business records insufficient where business records not attached); *Val Preda Motors v. Nat. Uniform Svc.*, 195 Ga. App. 443, 444 (2) (393 SE2d 728) (1990) (affidavit based on business records and manager's personal knowledge could not be used to support motion for summary judgment where business records were not attached).

Because the business records referred to and relied upon by Swan were not attached to his affidavit, the affidavit could not be used to support Seaboard's motion

5

for summary judgment. See *Powers*, supra; *Val Preda Motors*, supra. And the remaining evidence, which includes the depositions of the parties, does not demonstrate that Seaboard was entitled to summary judgment. The trial court therefore erred in granting summary judgment to Seaboard based upon the record before it.

*Judgment reversed. Doyle, P. J. and Andrews, J., concur.*