**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 25, 2015**

# In the Court of Appeals of Georgia

A14A1863. BROWN v. SEABOARD CONSTRUCTION COMPANY.

MCFADDEN, Judge.

Marietta Brown was injured in a single-vehicle accident that she attributed to a poorly paved road. Defendant Seaboard Construction had performed paving work on the road several years before the accident. Along with the vehicle's driver, Oscar Mangram, Brown sued Seaboard, alleging that Seaboard's employees had negligently performed the paving work and that Seaboard had negligently failed to warn of the road's dangerous and defective condition. The trial court granted summary judgment to Seaboard, and Brown appeals. Because Seaboard has demonstrated the absence of a genuine issue of material fact, we affirm the trial court's grant of summary

judgment. We do not reach Brown's claim that the trial court erred in dismissing Mangram's appeal, because that ruling is not properly a part of this case.

1. *Summary judgment.*

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). "A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims." *Cowart*, 287 Ga. at 623 (1) (a) (citation and punctuation omitted). Once a defendant moving for summary judgment discharges this burden, "the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." Id. (citation and punctuation omitted). We review a grant of summary judgment de novo and construe the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Abdel-Samed v. Dailey*, 294 Ga. 758, 770 (1) (755 SE2d 805) (2014).

So viewed, the evidence showed that in 1997 and 1998, Seaboard repaved a portion of the F. J. Torras Causeway pursuant to a contract with the Department of

Transportation (DOT). Several years later, on a morning in October 2005, Mangram was driving Brown to work on the causeway when he hit a water-filled pothole, hydroplaned, and collided with a guardrail. In her lawsuit, Brown alleged that the accident and her resulting injuries were proximately caused by Seaboard's repaving work, which she claimed was negligently performed.

The general rule is that "a road contractor cannot be held responsible for completed work over which it no longer exercises any control." *Baker v. Reynolds Trucking Co.*, 181 Ga. App. 242, 243 (351 SE2d 657) (1986)."[T]he contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection." Id. at 243-244 (citations and punctuation omitted). There are exceptions to this rule where the work is a nuisance per se, or inherently or intrinsically dangerous, or so negligently defective as to be imminently dangerous. Id. at 244. But

> [i]f the work performed by the contractor is not shown to come within one of the exceptions to the general rule, when the work is finished by him and accepted by his employer, the liability of the former ceases and the employer becomes answerable for damages which may thereafter accrue from the defective conditions of the work.

3

Id. (citations and punctuation omitted). See also *Ogles v. E. A. Mann & Co.*, 277 Ga. App. 22, 24 (1) (625 SE2d 425) (2005) (discussing general rule of road contractor liability).

Pursuant to this rule, Seaboard argues that it is not liable to Brown because the DOT accepted its earlier repaving work. In an earlier appearance of this case before this court, however, we reversed a grant of summary judgment to Seaboard, holding that Seaboard could not use an affidavit of its president, Stephen Swan, to support its motion because the business records referred to and relied upon by the affiant were not attached thereto, and because the remaining evidence did not demonstrate that Seaboard was entitled to summary judgment. *Brown v. Seaboard Constr. Co.*, 317 Ga. App. 667, 669 (2) (732 SE2d 325) (2012) (*Brown I*). On remand, Seaboard moved again for summary judgment, submitting the affidavit of its vice president, Jeffrey Kicklighter, who stated that he had worked for Seaboard for more than 20 years and had personal knowledge of the "subject causeway repaving." Among other things, Kicklighter stated that in 1998 Seaboard completed the causeway repaving and the DOT accepted that work.

This evidence was sufficient for Seaboard either to negate an essential element of or to show an absence of evidence to support Brown's claim. The Kicklighter

4

affidavit established that Seaboard had finished its repaving work and the DOT had accepted that work well before the accident in this case occurred. Although Brown correctly points out that the affidavit referred to and included an unauthenticated DOT document, Kicklighter's testimony about the repaving work's completion and acceptance was not dependent upon the DOT document. "To the extent that the affidavit was based on his personal knowledge, it was admissible," *Manesh v. Baker Equip. Engineering Co.*, 247 Ga. App. 407, 410 (1) (a) (543 SE2d 61) (2000) (citations omitted), and the affidavit makes clear that Kicklighter had personal knowledge about the repaving work (unlike the earlier affiant, Swan, who had not worked for Seaboard at the time of the repaving work ). The affidavit indicates that Kicklighter referred to the DOT document for the precise dates of the work's completion and acceptance. Those precise dates are not necessary to resolve the summary judgment motion, because – regardless of those precise dates – the record contains no evidence either that Seaboard had not completed the work or that the DOT had not accepted the work by 2005, when the accident occurred. Compare *Johnson v. E. A. Mann & Co.*, 273 Ga. App. 716, 719 (2) (616 SE2d 98) (2005) (summary judgment to road contractor was not appropriate where there was evidence that the accident occurred before the DOT gave its final acceptance of the road work).

5

Likewise, nothing in the record suggests that, at the time of the 2005 accident, Seaboard was exercising any control over the causeway. See *Ogles*, 277 Ga. App. at 24 (1) ("a road contractor cannot be held responsible for completed work over which it no longer exercises any control") (citation and punctuation omitted). See generally *Fraker v. C. W. Matthews Contracting Co.*, 272 Ga. App. 807, 810 (2) (614 SE2d 94) (2005) ("Georgia law dictates that the DOT shall have control and responsibility for all construction and maintenance of the state highway system.") (citation omitted).

Finally, nothing in the record suggests that the causeway had a "hidden" defect when the DOT accepted the work or that any of the other exceptions to the general rule regarding road contractor liability apply. Evidence that a water-filled pothole existed on the causeway in October 2005 does not demonstrate that it was due to a "hidden" defect in Seaboard's work, performed several years earlier, or that Seaboard's work was a nuisance per se, was inherently or intrinsically dangerous, or was so negligently defective as to be imminently dangerous. See *Smith v. Dabbs-Williams Gen. Contractors*, 287 Ga. App. 646, 648-649 (2) (653 SE2d 87) (2007); *Baker*, 181 Ga. App. at 244. Although Brown testified that the causeway "always [had] puddles," neither her testimony nor any other record evidence offers insight into when or why the pothole at issue in this case developed.

6

Because Seaboard discharged its burden as movant for summary judgment, Brown was required to point to specific evidence in the record that created a genuine issue of material fact. *Cowart*, 287 Ga. at 623 (1) (a). She did not do so. Although she argues that Seaboard's president gave contradictory affidavit testimony as to whether the construction was completed in 1997 or 1998, we held in *Brown I*, 317 Ga. App. at 668 (1), that the testimony was not contradictory and that holding is binding in this case. See OCGA § 9-11-60 (h). The trial court did not err in granting summary judgment to Seaboard.

3. *Dismissal of Mangram's appeal.*

After the trial court granted summary judgment to Seaboard, Brown and Mangram filed a notice of appeal. The trial court subsequently dismissed Mangram's appeal for his failure to pay costs. The appellate brief in this case, which purports to be on behalf of Mangram as well as Brown, enumerates this dismissal as error. By virtue of the dismissal order, however, Mangram is not a party to this appeal, and because the dismissal order was entered after the filing of the notice of appeal in this case it cannot be enumerated as error in this appeal. See *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (5) (646 SE2d 207) (2007).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*